■ HIGINIO TAVERAS, Individually and as Administrator of the Estate of YOLANDA TAVERAS, Deceased, and as Parent of YOLANDA TAVERAS, an Infant, Respondent-Appellant, v. MOUNT SINAI HOSPITAL et al., Appellants-Respondents.—Order, Supreme Court, New York County, entered June 29, 1972, denying motion to dismiss complaint for unreasonable neglect to proceed (CPLR 3216) vacated, in the exercise of discretion and in the interests of justice and the matter remanded to Special Term for reconsideration upon the submission by plaintiff of an affidavit of merits embracing the medical contentions set forth belatedly in the brief before this court. This relief is extended in view of the seriousness of the matter and the totality of the circumstances, in the exercise of discretion and in the interests of justice. This disposition is made on condition that the attorney for the plaintiff pay to defendants-appellants-respondents, the sum of $250 costs, together with $40 costs and disbursements of this appeal, within 30 days after publication of the order herein. (*Prieto* v. *Greenberg*, 38 A D 2d 907.) Upon such payment, the plaintiff's motion to vacate default and to restore defendant, Mount Sinai Hospital's motion to Special Term, Part I, for consideration on the merits, is granted. Upon failure of plaintiff to make the payment so provided, the order appealed from will be reversed, on the law and the facts, and the motion to dismiss granted and defendants-appellants-respondents shall recover of plaintiff-respondent-appellant $40 costs and disbursements of this appeal. In this malpractice action, involving the death of a mother and most serious injury to her new-born child, we are persuaded by the medical evidence, by form of letters, embodied in plaintiff's brief on appeal, that in the proper exercise of discretion, appellate intervention is warranted in order to salvage the complaint from a dismissal, even though the plaintiff has been remiss in submitting a proper affidavit of merits. (*Maestros* v. *Huntington Station Food Shop*, 39 A D 2d 582.) In so doing, we take note of the observation of the court below "that plaintiffs have been vigorously prosecuting their action". It is, thus, only the absence of an adequate affidavit of merits which precludes an affirmance of the denial of the motion to dismiss, and compels a remand to rectify such defect under the extraordinary circumstances here prevailing. Concur—McGivern, J. P., Markewich, Nunez, Murphy and Tilzer, JJ.