JANINA TRAVEL BUREAU, INC., Respondent-Appellant, v PETER M. KALISON et al., Respondents, MOHASCO CORPORATION et al., Appellants-Respondents.—Order unanimously affirmed, without costs. Memorandum: Plaintiff Janina Travel Bureau, Inc., is seeking compensatory and punitive damages for an alleged breach of a contract wherein plaintiff claims that it

was retained by each of the defendants to arrange an incentive trip at the Makaha Inn in Hawaii for dealers and distributors of the Mohawk Carpet Company, a division of Mohasco Corp.; that all plans were concluded and finalized in July, 1973; that thereafter defendants without justification or reason terminated the trip, causing plaintiff to suffer loss of commission and fees and compensation for its services performed. This is an appeal from an order of the Supreme Court, Onondaga County, which granted defendants' motion for summary judgment to the extent that the cause of action against the individual defendants Perlowin and Kalison and the cause of action for punitive and exemplary damages against all the defendants were dismissed on the merits and in all other respects denied the motion. Defendants appeal from that portion of the order denying dismissal of the complaint in its entirety. Plaintiff cross-appeals from that portion of the order dismissing the two causes of action in its complaint. A motion for summary judgment searches the record, and the party opposing the motion for such relief must reveal his proofs and demonstrate that a genuine triable factual issue is presented. No document in the record suggests an intent personally to bind employees Kalison or Perlowin. An agent is not liable on the contract if the agency status is disclosed (Tarolli Lbr. Co. v Andreassi, 59 AD2d 1011). An agent will only be bound to a contract of an undisclosed principal if the agent explicitly indicates an intention to be personally bound (RKO-Stanley Warner Theatres v Plaza Pictures, 54 AD2d 623). Therefore Special Term properly dismissed the action against the individual defendants. Mere allegations of fraud do not give rise to a cause of action for punitive damages (Walker v Sheldon, 10 NY2d 401); nor are punitive damages available for mere breach of contract, for in such a case only a private wrong, and not a public right is involved (Garrity v Lyle Stuart, Inc., 40 NY2d 354). Even where the allegations sound directly in fraud, punitive damages depend upon proof of defendant's moral culpability for gross conduct (Chase Manhattan Bank, N.A. v Perla, 65 AD2d 207). Nothing in plaintiff's complaint or brief remotely suggests morally culpable conduct of the defendants or criminal indifference to civil obligations. Viewing the assertions in a light most favorable to the plaintiff as we must do, all that appears is a change of plans by Mohawk at some point coupled with an intent to cancel permanently the Hawaii promotion. Accordingly, the dismissal of plaintiff's claim for punitive damages was proper. An affirmance of Special Term's denial of summary judgment is appropriate in view of the unresolved factual issues concerning the $1,500 payment, alleged by defendants to constitute an accord and satisfaction. The Statute of Frauds should not be viewed as a bar either to proof of an oral contract to pay commissions or to recover in quantum meruit where there are memoranda authenticated by the party to be charged (Cohon & Co. v Russell, 23 NY2d 569). (Appeals from order of Onondaga Supreme Court—summary judgment.) Present— Cardamone, J. P., Schnepp, Callahan, Witmer and Moule, JJ.