■    Louise Yates, Appellant, v Chrysler Corporation et al., Defendants, and Chrysler Credit Corporation, Respondent.—In an action to recover compensatory and punitive damages for breach of warranty, fraud and deceit and negligence, the plaintiff appeals from an order of the Supreme Court, Westchester County, dated January 8, 1980, which granted the motion of defendant Chrysler Credit Corporation for summary judgment dismissing the complaint as to it. Order affirmed, with $50 costs and disbursements. In opposing the motion, the plaintiff-appellant failed to present such evidentiary matter as would support the conclusion that a triable issue of fact exists (see *Rotuba Extruders v Ceppos,* 46 NY2d 223, 231). The opposing affidavit of the attorney for the plaintiff had no probative value and was properly disregarded by Special Term (see *Di Sabato v Soffes,* 9 AD2d 297). There was no factual showing that the defendant-respondent Chrysler Credit Corporation, knew when and to whom the subject motor vehicle was sold or what its mileage was at that time, and absent evidentiary proof that the defendant-respondent had any communications, contacts or contractual relationship with the plaintiff prior to the sale, there was no duty on its part to disclose the mileage of the vehicle as contained in its audits of the dealer's floor plan made under its security agreement (see *Amend v Hurley,* 293 NY 587, 595-596; *Steinberg v Guild,* 23 AD2d 750). In any event, the fourth cause of action, for punitive damages, was properly dismissed. A demand for punitive damages does not constitute a separate cause of action for pleading purposes (see *Brandenberg v Blue Cross & Blue Shield of Greater N. Y.,* 78 AD2d 534). Mangano, J. P., Gibbons, Gulotta and O'Connor, JJ., concur.