■ RAFAEL SANTOS, Respondent, v SECURITY AND LAW ENFORCEMENT EMPLOYEES, COUNCIL 82, AFSCME, AFL-CIO, Appellant. — In an action by a prison guard to recover damages from his union for alleged breach of the union's duty of fair representation, the defendant appeals from so much of an order of the Supreme Court, dated August 15, 1979, and entered in Dutchess County, as denied the branches of its motion which sought (1) to dismiss the third and fifth causes of action and (2) to add the New York State Department of Correctional Services as a party defendant. Order modified, on the law, by deleting the first decretal paragraph thereof and substituting therefor a provision granting the branch of the motion which sought to dismiss the third and fifth causes of action. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Defendant's time to answer is extended until 20 days after service upon it of a copy of the order to be made hereon, together with notice of entry thereof. Special Term erred in refusing to dismiss the third cause of action in the amended complaint. Said cause of action, which seeks damages for loss of reputation arising out of defendant's breach of duty of fair representation, is not recognized by the courts of this State. In *Gosper v Fancher* (49 AD2d 674, affd 40 NY2d 867) the limit of a union's liability for damages is set forth: "The union * * * was only liable for loss of employment damages 'to the extent that its refusal to handle the grievances added to the difficulty and expense of collecting from the employer' *(Czosek v O'Mara,* 397 US 25, 29; *Schum v South Buffalo Ry. Co.,* 496 F2d 328)." Clearly, damages for loss of reputation do not fall under this category. In addition, the fifth cause of action, which seeks punitive damages, must be dismissed, as punitive damages are not recoverable against a union in a fair representation suit (see *Electrical Workers v Foust,* 442 US 42; see, generally, *Vaca v Sipes,* 386 US 171). Furthermore, in this State there is no separate cause of action for punitive damages. Finally, Special Term properly denied the union's request to add the Department of Correctional Services as a party defendant. Titone, J. P., Gibbons, Gulotta and Margett, JJ., concur.