■ GRACE L. O'CONNOR, Respondent, v ALFRED R. LEMPICKY, Appellant. — In an action, *inter alia,* to set aside a deed to real property and for partition, defendant appeals from an interlocutory judgment of the Supreme Court, Nassau County, entered November 2, 1979, which, after a nonjury trial, *inter alia,* (1) canceled the deed in question, (2) awarded plaintiff compensatory damages consisting of out-of-pocket disbursements of $1,308.38, and reasonable attorney's fees, and (3) awarded plaintiff punitive damages of $7,500. Interlocutory judgment modified, on the law, by deleting the third decretal paragraph, which awarded plaintiff punitive damages, and substituting a provision dismissing plaintiff's claim for punitive damages. As so modified, interlocutory judgment affirmed, with costs to plaintiff. While a separate cause of action for punitive damages cannot stand alone (see *Santos v Security & Law Enforcement Employees,* 80 AD2d 554; *Yates v Chrysler Corp.,* 79 AD2d 656), the court may consider an award where, in its discretion, the proof would merit such relief. Under the facts at bar, the trial court erred in awarding punitive damages in that the record, taken as a whole, fails to demonstrate that the defendant exhibited that high degree of moral turpitude which would justify the award of such damages (see *Luxonomy Cars v Citibank, N.A.,* 65 AD2d 549). Mollen, P.J., Cohalan, Margett and O'Connor, JJ., concur.

■ THERESE SABATER, Appellant, v ENAYAT HAKIM-ELAHI et al., Respondents, et al., Defendants. — In an action to recover damages, *inter alia,* for medical malpractice, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County, dated May 5, 1980, as denied that part of her motion which was to compel defendants Hakim-Elahi and Steinberger to answer certain questions propounded to them at their examinations before trial. Appeal dismissed, without costs or disbursements. The order appealed from is not appealable as of right (see *Siegel v Arnao,* 61 AD2d 812) and leave to appeal has not been sought. Were we to treat plaintiff's brief as a motion for leave to appeal, we would deny the motion. Mangano, J.P., Rabin, Margett and Weinstein, JJ., concur.

■ LILLIAN SAVINO, Respondent, v VINCENT GUIDO, Appellant. (And a Third-Party Action.) — Appeal by defendant from an order of the Supreme Court, Suffolk County, dated July 7, 1980, which denied his motion to dismiss the action for failure to prosecute. Order reversed, on the law, without costs or disbursements, motion granted, and complaint dismissed. A party opposing a motion pursuant to CPLR 3216 to dismiss an action must include, *inter alia,* an affidavit of merits (see *Keating v Smith,* 20 AD2d 141; *Sortino v Fisher,* 20 AD2d 25). Plaintiff's failure to include such an affidavit among her papers necessitates the granting of this motion. Mangano, J.P., Rabin, Margett and Weinstein, JJ., concur.