■ C. O'Neill Brown, Respondent, v Badem Buildings, Appellant, et al., Defendants. — Order of the Supreme Court, New York County (Stanley Ostrau, J.), entered on May 1, 1984, which denied the cross motion of defendant Badem Buildings for summary judgment declaring defendant Elarat to be the tenant in possession of apartment 5-A in premises 469 West 57th Street, New York City, and entitled to exercise the right to purchase said apartment at the insider price and to dismiss the fourth cause of action for counsel fees, modified, on the law, to dismiss the fourth cause of action, and, except as so modified, affirmed, without costs.

Plaintiff, allegedly a subtenant in premises owned by defendant Badem, claims to be the primary tenant of apartment 5-A in premises 469 West 57th Street. The premises were leased to defendant Elarat who, with the consent of Badem, sublet the premises to plaintiff. Inasmuch as Elarat never entered into possession, plaintiff, when the building was to be converted to cooperative ownership, claimed the right to purchase the shares allocated to the apartment at the insider price. Badem refused to recognize plaintiff as the tenant in possession. Indeed, it went much further and contended that plaintiff violated its sublease by renting to a sub-subtenant without its consent. As a result, it served a notice to cure upon plaintiff.

Thereafter, plaintiff challenged his status as a subtenant by filing a complaint with the Conciliation and Appeals Board in which he requested that he be named the primary tenant. Some four months later, he commenced this action seeking a declaration that he is the primary tenant, punitive damages and counsel fees. Plaintiff moved for a temporary injunction and summary judgment. Badem, which had interposed a counterclaim seeking a declaration that Elarat is the tenant in possession, cross-moved for summary judgment and for a declaration on its behalf. Special Term granted Badem's motion to the extent only of dismissing the count for punitive damages on the ground that no separate action for such damages will lie, citing *Santos v Security & Law Enforcement Employees* (80 AD2d 554). It also granted Badem's motion to dismiss the cause of action against Neeman, the managing agent of the property, on the ground that, as such, he could not be held liable for the actions of Badem (*Janina Travel Bur. v Kalison,* 72 AD2d 916). In all other respects it denied both motions.

We are of the opinion that Special Term correctly held that the record reflects factual disputes sufficient to warrant a trial. In one respect, however — that of the claim for counsel fees — we disagree.

Real Property Law § 234 provides that whenever a lease of residential property contains a provision that in any action or summary proceeding a landlord shall have the right to recover legal fees "incurred as the result of the failure of the tenant to perform any covenant or agreement contained in such lease", a corresponding right shall be implied on behalf of the tenant. Concededly, such a provision was contained in the lease between Badem and Elarat and, since all the terms and provisions of that lease were incorporated into the sublease between Elarat and plaintiff, it was part of the sublease. However, this action is neither an action based on the failure to perform a covenant of the lease nor is it a summary proceeding. It is an endeavor by plaintiff to compel Badem to comply with an obligation which allegedly was imposed upon Badem by General Business Law § 352-eeee and Code of the Rent Stabilization Association of New York City, Inc. § 61. Accordingly, the provisions of Real Property Law § 234 are inapplicable to this action, and the fourth cause of action must be dismissed because it fails to set forth a viable claim. Concur — Sullivan, J. P., Ross, Bloom, Kassal and Ellerin, JJ.