■ ROAN BROWN et al., Plaintiffs, v LINMAR, LTD., Defendant and Third-Party Plaintiff. ST. LUKE's-ROOSEVELT HOSPITAL CENTER, Third-Party Defendant and Fourth-Party Plaintiff-Respondent; GENERAL ELECTRIC COMPANY, Fourth-Party Defendant-Appellant. [658 NYS2d 995] —In an action to recover damages for personal injuries, etc., the fourth-party defendant appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated April 15, 1996, as denied that branch of its motion which was for summary judgment dismissing the fourth-party plaintiff's first and third causes of action, and (2) from so much of an order of the same court, dated July 10, 1996, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated April 15, 1996, is dismissed, as that order was superseded by the order dated July 10, 1996, made upon reargument; and it is further,

Ordered that the order dated July 10, 1996, is affirmed insofar as appealed from; and it is further,

Ordered that the fourth-party plaintiff is awarded one bill of costs.

Contrary to the appellant's contention, the "master agreement" between the appellant and the fourth-party plaintiff-respondent was properly considered by the Supreme Court. The fact that the copy of that agreement in the record was not signed by the appellant is irrelevant, since the Statute of Frauds is not in issue here (cf., Janina Travel Bur. v Kalison, 72 AD2d 916).

The Supreme Court held that only contribution lay here. Although no appeal was taken by the fourth-party plaintiff, the propriety of that ruling may be considered to justify affirmance of the order appealed from (see, Parochial Bus Sys. v Board of Educ., 60 NY2d 539, 545).

We conclude that pursuant to the master agreement, the appellant could be held liable to the fourth-party plaintiff for both contribution and indemnification (see, Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 568; Rogers v Dorchester Assocs., 32 NY2d 553). However, there are numerous questions of fact which preclude the granting of summary judgment (see, Kdidnasky v Cali Bldg. Co., 130 AD2d 817).

Accordingly, we uphold the determination of the Supreme Court. O'Brien, J. P., Goldstein, McGinity and Luciano, JJ., concur.