Ilirjan Bida, Appellant, 
against
Alban Kuci, Respondent.




Ilirjan Bida, appellant pro se.
Alban Kuci, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of City of New York, Queens County (Donna Marie Golia, J.), entered February 25, 2016. The judgment, after a nonjury trial, dismissed the complaint.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this action to recover the principal sum of $10,111.74 based on an alleged breach of contract. At a nonjury trial, plaintiff testified that he and defendant, who are first cousins, entered into a written contract, with plaintiff acting as agent for his mother and defendant acting as agent for his father, wherein it was agreed that costs associated with the ownership of certain property in Albania, which property was jointly owned by the principals, would be split. Plaintiff testified that certain issues arose in Albania which needed personal attention and that he asked defendant, and defendant orally agreed, to split the cost of plaintiff's traveling expenses for several trips to Albania. Defendant testified that he never agreed to split any costs related to plaintiff's trips to Albania which are the subject of this action. Following the trial, the Civil Court dismissed the complaint.
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824 [2008]).
To the extent plaintiff is seeking to recover based on a breach of the written contract, defendant cannot be held liable thereon, as an authorized agent is not liable on a contract he [*2]entered into on behalf of a disclosed principal (see Janina Travel Bureau, Inc. v Kalison, 72 AD2d 916 [1979]). To the extent plaintiff is seeking to recover based upon an oral agreement he allegedly had directly with defendant, we find that the record supports the determination of the Civil Court dismissing the complaint, which determination was based upon the factfinder's assessment of the credibility of the witnesses.
Accordingly, the judgment is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
Decision Date: June 02, 2017