AETHEL BROWN, Respondent, *v.* HERBERT R. WEISSBERG, Doing Business as HOTEL GRAMERCY PARK CO., Appellant.

First Department, December 17, 1964.

*I. Sidney Worthman* of counsel (*Tropp & Steinbock,* attorneys), for appellant.

*Benjamin Glass* of counsel (*Barry A. Tessler* with him on the brief), for respondent.

BREITEL, J. Defendant, in a personal injury negligence action, appeals from an order denying his motion to dismiss the action for failure to prosecute on the ground that " plaintiff has failed to place this action upon the calendar of the Court for trial by serving and filing a note of issue."

The order should be affirmed.

The accident occurred February 3, 1960. A prior action was brought against a wrong defendant and was terminated. The present action was begun July 4, 1962 and issue was joined July 18, 1962. There have been no examinations before trial and a physical examination was arranged only after the present motion to dismiss was made.

Plaintiff sustained a fractured hip when she fell on a stairway landing in defendant's hotel. Her purported affidavit of merits states as the ground for liability: " The defendant permitted a defective door-stop, and/or safety apparatus to be, and to remain, in a dangerous and defective condition, and permitted thereby a hazard and menace by their failure to maintain same in good working order, and to correct such dangerous condition."

The instant motion to dismiss was made July 7, 1964, but it was adjourned until a final submission after September 1, 1964. This appears from the September 1, 1964 verification of defendant's reply affidavit. In the meantime, on August 18, 1964 a note of issue to place the action on the Trial Calendar and certificate of readiness were served and filed. The order denying the motion to dismiss was entered September 11, 1964 and this appeal did not come on this court's calendar for submission until December 8, 1964.

Uncontradicted by defendant are plaintiff's assertions that from August, 1963 until May, 1964 there were negotiations and adjournments with respect to examinations before trial of the parties, some of which adjournments were obtained by defendant.

Plaintiff's affidavit of merits is utterly vacuous of evidentiary facts and is therefore hopelessly insufficient (*Sortino* v. *Fisher,* 20 A D 2d 25, 31–32). But, in order for plaintiff to be required to supply an affidavit of merits defendant must first show delay (*id.*). In measuring delay one looks to the last stir of activity (*id.*, pp. 28–29). In this case, there was activity up to two months before the motion was made and defendant fails to contradict his own affirmative participation in producing the

delay. Defendant's contribution to the delay is relevant, when it amounts to more than inaction (*id.*, p. 31; cf. *id.*, p. 30). In this case, less than two months prior to the making of the motion to dismiss, defendant by his affirmative conduct contributed to the delay in the action. Consequently, defendant failed to show delay sufficient to require plaintiff to serve an affidavit of merits.

There is another fatal defect in defendant's procedure. In this case, unlike the situation in *Mulinos* v. *Coliseum Constr. Corp.* (22 A D 2d 163), the motion to dismiss was made not on the ground of general delay but was confined to plaintiff's failure to serve and file a note of issue. CPLR 3216, as amended by chapter 974 of the Laws of 1964 provides: '' Nor shall such a motion [to dismiss for failure to serve and file a note of issue] be made or granted unless the defendant shall have served a written demand requiring the plaintiff to serve and file such a note of issue ''.* No longer therefore may a defendant seek dismissal of an action solely on the ground of a failure to serve and file a note of issue, without first complying with the statutory preconditions. This is the only ground on which defendant in this case moved to dismiss. Quite different, of course, is the situation where, despite the service and filing of a note of issue, or even if none has been served or filed, there has been gross general delay, a motion made on the ground of general delay, an absence of any showing of merit, and defendant has not contributed affirmatively to the delay (*Mulinos* v. *Coliseum Constr. Corp., supra*; cf. generally, *Sortino* v. *Fisher, supra*; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3216.01–

---

* CPLR 3216 in its entirety reads: '' Where a party unreasonably neglects to proceed in the action against any party who may be liable to a separate judgment, the court, on its own initiative or upon motion, may dismiss the party's pleading on terms. Unless the order specifies otherwise, the dismissal is not on the merits.

'' No such motion based upon the failure of the plaintiff to serve and file a note of issue within the time limited therefor by law or rule, shall be made or granted until at least six months has expired since the joinder of issue. Nor shall such a motion be made or granted unless the defendant shall have served a written demand requiring the plaintiff to serve and file such a note of issue and stating that the default by the plaintiff in complying with such demand within forty-five days after the service of such demand will serve as a basis for a motion by the defendant for dismissal against him for unreasonably neglecting to proceed. In the event that such a note of issue is served and filed within such forty-five days, the motion to dismiss shall be denied. In the event that such a note of issue is not served and filed within such forty-five days, the court may grant such motion unless the plaintiff shows justifiable excuse for delay and a good and meritorious cause of action.''

3216.15, incl. 1964 Supp., p. 11). Thus, in the Weinstein treatise it has been said:

" The restriction which this amendment places upon the motion to dismiss for want of prosecution was occasioned in part by the decision in Sortino v. Fisher (20 A D 2d 25) where dismissal of a complaint was upheld on the grounds of lack of prosecution and the court indicated that it would reject an excuse that failure to proceed was occasioned by inadvertence on the part of busy and overburdened counsel. It has been pointed out by commentators, however, that this amendment does not abrogate the rule of the Sortino case even though it restricts the dismissal motion by way of time provisions and notice provisions." (1964 Supp., p. 11.) (See, also, the extended excellent discussion in Supplementary Practice Commentary by Prof. David D. Siegel appended to McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3216 [pocket pt. 1964].)

In the *Mulinos* case (*supra*) defendant did not move on the narrow ground of a failure to serve and file a note of issue, as indeed it could not. In the *Mulinos* case, plaintiff had already served and filed a note of issue when defendant made its motion.

The fact that defendant's motion was made prior to the effective date of the 1964 amendment, namely September 1, 1964, is immaterial, so long as the motion was not finally submitted and decided until after the effective date (*Mulinos* v. *Coliseum Constr. Corp., supra*; cf. *Simonson* v. *International Bank,* 14 N Y 2d 281, 289; CPLR 10003).

It is unfortunate that the distinctions in procedure involved in this case require repeated judicial redirection. It is unfortunate that some defendants still fail to understand that in order to obtain the dismissal of an action there must be a showing of delay as defined in the cases as well as an absence of merit. It is still further unfortunate and wasteful of the time of court and counsel that some plaintiffs fail to apprehend the requirements of a proper affidavit of merits, in the light of the almost completely overriding principle that it is the absence of merit in the action which alone, as a general matter, should doom it to dismissal (*Sortino* v. *Fisher, supra,* pp. 28, 32–33). Thus, in the *Mulinos* case (*supra*) there was no affidavit of merits but only an outdated unsworn statement taken from the plaintiff, and in this case there is only the baldest of conclusions, quite uninformative of the nature of plaintiff's claim, except that she was injured and would like to recover. Fortunately for this plaintiff, defendant's omissions take precedence and therefore render plaintiff's failure of no significance.

Accordingly, the order denying defendant's motion to dismiss the action for failure to prosecute should be affirmed, but without costs or disbursements to either party.

BOTEIN, P. J., VALENTE, STEVENS and EAGER, JJ., concur.

Order, entered on September 14, 1964, unanimously affirmed, but without costs or disbursements to either party.