■ GEORGE STUBBLEBINE, Respondent, v. SAMUEL J. FRATTO, Doing Business as FRATTO'S BAR & GRILL, Appellant.— Appeal from an order of Supreme Court, Ulster County, which denied appellant's motion pursuant to CPLR 3216 to dismiss the action for failure to file a note of issue. The plaintiff seeks to recover for injuries sustained in an assault on him which occurred August 17, 1964 while he was a patron of defendant's tavern. The summons was served August 9, 1967. The complaint served September 5, 1967 and issue was joined September 29, 1967. The case not having been noticed for trial, a 45-day notice was sent to plaintiff's attorney October 8, 1969 and a motion dated December 4 and returnable December 22, 1969 sought dismissal. At the time of denying the motion, the court was under the mistaken impression that a note of issue had been filed December 5, 1969. Actually the case was not noticed for trial until January 26, 1970. CPLR 3216 provides for dismissal for undue delay only after issue has been joined for at least one year and a 45-day written demand to resume prosecution of the action and file a note of issue is served on the party sought to be charged with undue delay. The plaintiff's affidavit of merits is executed by counsel and sets forth that on the night in

question plaintiff entered defendant's bar sober, was struck on the head from the rear, sustaining serious injury and financial loss and that, as a result, plaintiff has suffered a partial loss of memory of the events. Generally speaking, affidavits of attorneys stating only conclusions are insufficient. (*Giaccio* v. *Kiamesha Concord*, 22 A D 2d 723.) Under the circumstances, it might be acceptable here because counsel states that a personal investigation and a police investigation were made, but he does not state the findings. An examination before trial of the plaintiff was held but even that is not included in the record for the purpose of showing merit. (Cf. *Strokoski* v. *Bullock*, 35 A D 2d 908.) There must be a showing of merit in evidentiary form in the same general manner in which plaintiff expects to prove his case. (*Sortino* v. *Fisher*, 20 A D 2d 25, 32.) Without it, the dismissal cannot be avoided. Furthermore, plaintiff must excuse his delay. Here the last apparent action on the file was an examination before trial scheduled by defendant in June, 1968. Plaintiff's counsel states that the delay is attributable to the client's loss of memory and lack of funds. Under all the circumstances, that is not a sufficient excuse for failing to resume prosecution after the 45-day notice was served. (*Beermont Corp.* v. *Yager*, 34 A D 2d 589.) Order reversed, on the law and the facts, and motion granted without costs. Reynolds, J. P., Greenblott, Cooke, Sweeney and Simons, JJ., concur.