█ MARGARET M. PREZIO, Respondent, v. JOHN R. MILANESE, Appellant, and WILLIAM V. McNULTY, Individually and Doing Business as McNULTY SIGN SHOP, Defendant.— Appeal from an order of the Rensselaer County Court which denied defendant's motions (1) to dismiss the plaintiff's complaint for lack of prosecution and (2) to sever the action against the defendant. It is alleged that the respondent was injured when the second-story floor collapsed in a building owned by appellant and coal stored there struck her on the head. Respondent brought this action against the appellant owner of the building and the codefendant who stored the coal to recover damages for personal injuries. The accident is alleged to have occurred July 14, 1967. The summons and complaint were served March 26, 1969, issue was joined August 20, 1969, a bill of particulars was served about one year after issue was joined, and on October 5, 1970 a 45-day demand to file a note of issue was served upon the respondent. No note of issue was filed within the 45-day period, and on December 22, 1970 respondent moved for dismissal of the action. On May 2, 1972 the trial court denied the motion to dismiss. Motions to dismiss may be granted by the court upon failure to file a note of issue after demand unless the plaintiff shows a justifiable excuse for the delay and a good and meritorious cause of action. (CPLR 3216, subd. [e].) The respondent has failed to submit a verified complaint or affidavit of merits in any acceptable form. (*Stubblebine* v. *Fratto*, 37 A D 2d 666, app. dsmd. 29 N Y 2d 954.) Furthermore, the excuse for the delay was predicated upon counsel's poor health which was not verified by any medical evidence, and, in any event, such poor health would not be a satisfactory excuse since he had associate counsel available. Respondent also argues that no Civil Term for County Court had been established at the time the notice was received and this prevented the timely filing of a note of issue. It has been said that if a party has proceeded with dispatch after receiving a 45-day demand to do everything possible to file a note of issue but has been frustrated by local rules preventing him from doing so, he has satisfied the requirements of CPLR 3216. (Siegel, Practice Commentary, 7B

McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3216 [3216:21, p. 930].) The fact that the Rensselaer County Court had not formally concluded its Criminal Term and established a date for commencement of a Civil Term did not prevent respondent from filing a note of issue to place the case upon the calendar at the next Civil Term of the court. (See CPLR 3402.) Order reversed, on the law and the facts, without costs, and complaint dismissed. Herlihy, P. J., Sweeney, Simons, Kane and Reynolds, JJ., concur.