■    VINCENT J. SEMPREVIVO, Respondent, v JAMES W. WORMUTH, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered January 17, 1975 in Albany County, which conditionally denied a motion by defendant for dismissal of the complaint. This action for money damages for personal injuries allegedly sustained in an automobile accident on October 20, 1968 was commenced by service of a summons on October 18, 1971. Defendant served notice of appearance, and on April 7, 1972 brought a motion to dismiss for failure to serve a complaint. A conditional order of dismissal was issued, as a result of which plaintiff's complaint was served May 25, 1972. (The conditional order contained the notation that it was served on April 26, 1972, and by its terms required service of the complaint by May 16, 1972.) After service of an answer and demand for a bill of particulars on June 7, 1972, a motion to preclude was brought on resulting in the issuance of a further conditional order of dismissal, whereupon plaintiff's bill of particulars was served on February 13, 1973. There is some indication of settlement negotiations which apparently failed to progress after an offer was made on August 14, 1973 and not accepted within the period of 60 days which had been set forth in the offer. On November 26, 1973 defendant made demand that plaintiff file and serve a note of issue within 45 days. On November 6, 1974 the defendant brought on a motion to dismiss for failure to file and serve the note of issue within the 45-day period (CPLR 3216) and for unreasonably neglecting to proceed. The order denying said motion is the subject of the present appeal. The order must be reversed and the motion granted. Where it appears that a plaintiff has failed to serve a note of issue within 45 days in compliance with the proper demand therefor, and the motion is thereafter made to dismiss, "There must be a showing of merit in evidentiary form * * *. Without it, the dismissal cannot be avoided" *(Stubblebine v Fratto,* 37 AD2d 666, 667, app dsmd 29 NY2d 954; see, also, *Prezio v Milanese,* 40 AD2d 910). The court at Special

Term in the present case made no finding as to a showing of merit of the underlying cause of action other than to note that a settlement offer in the sum of $2,300 had been tendered. For the same reasons of policy which prohibit evidence as to settlement offers from being admissible on the issue of liability, we do not feel that a settlement offer alone should constitute a showing of merit sufficient to defeat a dismissal motion. Other than that, the record in the present case is completely devoid of any evidentiary matter indicative of merit other than bare conclusory assertions in the affidavit of plaintiff's attorney. It is also required that a justifiable excuse be shown for failure to respond to the demand for a note of issue. Plaintiff's attorney sets forth at great length problems of health which he alleges prevented him from giving proper attention to the case. However, said attorney admitted to having handled other cases during the period in issue, had accepted the present case even though at the time of doing so he was already suffering from the illness complained of, and avers that he turned the file in this case over to another attorney some time after April, 1974 and felt that the other attorney would file the note of issue. Even if we accept as true each of these assertions, they do not in any way excuse the failure to file a note of issue within 45 days of November 26, 1973. Certainly, the transference of the case after April, 1974 could not have resulted in compliance with the 45-day demand. The court at Special Term specifically found that plaintiff had unreasonably neglected to proceed but took the view that this was "waived by the defendant having accepted all the pleadings". The record does not completely bear this out. Rather, it reveals that on two occasions, as previously noted, defendant brought on motions resulting in conditional orders of dismissal, and although defendant's acceptance of service of the complaint nine days after it was due under the terms of the first such order might have been construed as a waiver at that time, defendant's subsequent motions relating to the bill of particulars and for dismissal based on failure to file the note of issue demonstrated the defendant has elected to stand on rather than waive his rights. In view of this unreasonable neglect by plaintiff in prosecuting this action, and the complete absence of an evidentiary showing that there is merit to his action, the motion to dismiss the complaint should have been granted. Order reversed, on the law and the facts, motion granted and complaint dismissed, without costs. Greenblott, J. P., Sweeney, Koreman, Larkin and Reynolds, JJ., concur.