■ PATRICIA HAVENS, Respondent, v BEST WAY LINES, INC., Appellant.— Appeal from an order of the Supreme Court at Special Term, entered December 9, 1976 in Madison County, which denied a motion to dismiss the complaint. The instant action arose out of an automobile accident which occurred on January 31, 1973. Issue was joined in 1975. On July 28, 1976 the defendant served a demand on the plaintiff to serve a note of issue within 45 days. On September 17, 1976 the defendant moved to dismiss the complaint for failure to serve the note of issue within the 45 days (CPLR 3216). The order denying said motion is the subject of the present appeal. The order must be reversed and the motion granted. Although the brief of the plaintiff sets forth reasons why there was no compliance with the 45-day notice and there are conflicting statements as to whether the plaintiff or defendant procrastinated in this proceeding, the record on the motion to dismiss is bare of any showing of merit in evidentiary form. Where it appears that a plaintiff has failed to serve a note of issue within 45 days in compliance with the proper demand therefor, and a motion is thereafter made to dismiss, "There must be a showing of merit in evidentiary form * * *. Without it, the dismissal cannot be avoided" *(Stubblebine v Fratto,* 37 AD2d 666, 667, app dsmd 29 NY2d 954; see *Semprevivo v Wormuth,* 49 AD2d 993; *Prezio v Milanese,* 40 AD2d 910). Order reversed, on the law and the facts, without costs; motion granted and complaint dismissed. Sweeney, J. P., Mahoney, Main and Larkin, JJ., concur; Mikoll, J., dissents and votes to affirm in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. In this cause of action for personal injuries arising out of an automobile accident, the record on appeal indicates that defendant participated in the delays in processing this action and failed to co-operate with the plaintiff in obtaining transcripts of necessary examinations before trial taken before a stenographer selected by him. Further, plaintiff underwent recent corrective surgery allegedly causally connected to the accident.

Defendant argues that the plaintiff's failure to submit a proper affidavit of merits to Special Term requires reversal of the order denying defendant's motion to dismiss for failure to prosecute. I disagree. In view of the foregoing, it cannot be said that plaintiff unreasonably neglected to prosecute this action. There being no undue delay chargeable to plaintiff, there is no need for an affidavit of merits and the order appealed from should be affirmed *(Brown v Weissberg,* 22 AD2d 282, 283, 284).