■ Patricia R. Finch, as Administratrix of the Estate of Bonnie J. Finch, Deceased, Appellant-Respondent, v Raymond Beagell, Respondent-Appellant.—Cross appeals from an order of the Supreme Court at Special Term, entered December 28, 1978 in Broome County, which denied defendant's motion to dismiss the complaint in its entirety for neglect to proceed in the action, and dismissed the wrongful death claim upon the ground that it was barred by the Statute of Limitations. This action arose out of a motor vehicle-pedestrian accident which occurred on January 20, 1974. Plaintiff's decedent, a seven-year-old girl, died on January 23, 1974 as a result of the injuries she sustained. The action was commenced on November 12, 1976, issue was joined on November 29, 1976 and a bill of particulars was served on December 1, 1977. There is some indication of settlement negotiations which apparently failed to progress after an offer was made on June 12, 1978. On July 17, 1978 the defendant served a demand on plaintiff to file and serve a note of issue within 45 days. Upon plaintiff's failure to do so, defendant moved on October 16, 1978 to dismiss the complaint pursuant to CPLR 3216.* Inasmuch as plaintiff subsequently filed and served a note of issue on October 30, 1978, Special Term denied the motion to dismiss for failure to prosecute. Special Term did, however, dismiss that part of the complaint seeking damages for wrongful death because it was barred by the Statute of Limitations, leaving only the claim for decedent's conscious pain and suffering. These cross appeals ensued. Where it appears that a plaintiff has failed to serve and file a note of issue within 45 days in compliance with a proper demand therefor, and the motion is thereafter made to dismiss, "There must be a showing of merit in evidentiary form * * * Without it, the dismissal cannot be avoided" *(Stubblebine v Fratto,* 37 AD2d 666, 667, app dsmd 29 NY2d 954; see, also, *Havens v Best Way Lines,* 60 AD2d 926, app

---

* The effect of the amendment to CPLR 3216 (L 1978, ch 4, § 2), effective September 1, 1978, whereby a party has 90 rather than 45 days after demand to serve and file a note of issue, is not at issue on this appeal since plaintiff here did not file and serve the note of issue until 105 days after the demand was made.

dsmd 44 NY2d 729; *Semprevivo v Wormuth,* 49 AD2d 993; *Prezio v Milanese,* 40 AD2d 910). In addition, plaintiff must offer a justifiable excuse for the failure to comply with the demand to file a note of issue *(Semprevivo v Wormuth, supra; Stubblebine v Fratto, supra).* Plaintiff's affidavit of merits was executed by counsel and is clearly insufficient since it merely states that a settlement offer was made and alleges that certain unnamed witnesses would testify to facts adverse to defendant's position *(Sortino v Fisher,* 20 AD2d 25). Also, the fact that settlement negotiations occurred cannot serve as a justifiable excuse for plaintiff's delay since this excuse "ceases to have effect within a brief interval after the last communication" *(Sortino v Fisher, supra,* p 29; cf. *Semprevivo v Wormuth,* 49 AD2d 993, *supra).* Accordingly, the motion to dismiss plaintiff's complaint should have been granted. Due to our decision on this issue, it is unnecessary to address the contention raised on plaintiff's cross appeal. Order modified, on the law and the facts, by reversing so much thereof as denied defendant's motion to dismiss the complaint; motion granted, and, as so modified, affirmed, with costs to defendant. Mahoney, P. J., Sweeney, Kane and Herlihy, JJ., concur; Main, J., not taking part.