◼    JOHN A. SMITH, Respondent, v CITY OF TROY, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered November 23, 1979 in Rensselaer County, which denied defendant's motion, pursuant to CPLR 3216, to dismiss the complaint for failure to prosecute. The underlying action is to recover damages for personal injuries allegedly sustained as the result of a motor vehicle accident which occurred on July 25, 1974. The action was commenced on July 17, 1975 and issue was joined on July 23, 1975. After much delay and several demands, a bill of particulars was served on April 24, 1978. Defendant served upon plaintiff's attorney two demands, dated September 11, 1978 and October 17, 1978, for the service and filing of a note of issue pursuant to CPLR 3216. In each demand it was stated that plaintiff was to file and serve a note of issue within 45 days after receipt of the demand. A note of issue was not filed until September 18, 1979. Admittedly, both demands were received. Effective September 1, 1978, however, CPLR 3216 was amended, whereby a party had 90 days, rather than 45 days to comply with a demand (L 1978, ch 4, § 2). On August 7, 1979 defendant brought the instant motion to dismiss under the provisions of CPLR 3216. Plaintiff cross-moved for permission to increase the *ad damnum* clause of his complaint. Special Term denied both motions and on this appeal we are concerned only with the denial of the motion to dismiss the complaint. Special Term's denial was based solely on the ground that plaintiff did not strictly comply with CPLR 3216, since that section, as amended, afforded a party 90 days rather than 45 days as stated in the demands. This, in our view, was error and there must be a reversal. The motion to dismiss was not brought until more than 90 days had elapsed. The note of issue was not filed until September 18, 1979. Both demands were received, and plaintiff's attorney was aware of the amended requirement of 90 days and was in no way prejudiced. Consequently, the error was an irregularity and should be disregarded (see *Premo v Cornell*, 71 AD2d 223; *Beermont Corp. v Yager*, 34 AD2d 589). In view of this conclusion, plaintiff must establish a justifiable excuse for the delay and a meritorious cause of action. The mere unilateral reliance on the fact that the demand stated the incorrect time limitation is no justifiable excuse for failure to file within the 90 days (see *Barasch v Micucci*, 49 NY2d 594; *Finch v Beagell*, 71 AD2d 698). Nor does it appear from the record, as claimed by plaintiff, that he proceeded with dispatch to complete pretrial disclosure proceedings following service of the demands. Furthermore, the court has the right to take into consideration that there was a lapse of almost three years from the initial demand to the day the bill of particulars was served; that almost six years has elapsed since the accident happened; and that almost five years has elapsed since the joinder of issue (Siegel, Practice Commentaries,

McKinney's Cons Laws of NY, Book 7B, CPLR C3216.25, p 933). The motion to dismiss plaintiff's complaint should have been granted. Order reversed, on the law and the facts, and complaint dismissed, without costs. Sweeney, J. P., Kane, Staley, Jr., Main and Casey, JJ., concur.