■ GERALDINE SUSSMAN, as Executrix of MILTON SUSSMAN, Deceased, Appellant, v FRANKLIN GENERAL HOSPITAL et al., Respondents.—In a medical malpractice action, plaintiff, as executrix of the estate of Milton Sussman, deceased, appeals from an order of the Supreme Court, Nassau County, entered October 12, 1979, which dismissed the complaint as to all defendants. Order affirmed, with one bill of $50 costs and disbursements payable jointly to defendants appearing separately and filing separate briefs. Defendants moved to dismiss the complaint pursuant to CPLR 3216, and in opposition thereto plaintiff submitted neither an adequate affidavit of merits nor a justifiable excuse for her failure to file a note of issue within the 90 days provided by statute (see CPLR 3216, subd [b], par [3]). In an order which was not appealed, Special Term granted the defendants' motions, with leave to the plaintiff to move within 20 days to vacate that dismissal upon papers "demonstrating an excuse for the delay and a meritorious cause of action." Although plaintiff purportedly moved in response to that order, she asked instead for reargument and again failed to submit any affidavit containing evidentiary facts by a person competent to attest to the meritorious nature of her claim, i.e., a medical expert (see CPLR 3216, subd [e]; *Sortino v Fisher,* 20 AD2d 25, 32; *Keating v Smith,* 20 AD2d 141). In such circumstances, it was not an improvident exercise of discretion for Special Term to dismiss the complaint (see *Havens v Best Way Lines,* 60 AD2d 926, app dsmd 44 NY2d 729). *Schaffer v Route Messenger Serv.* (65 AD2d 809) is distinguishable on its facts, as the existence of an adequate affidavit of merits was not disputed in that case. Rabin, J. P., Gulotta, O'Connor and Weinstein, JJ., concur.