■ LAWRENCE CATON et al., Respondents, v ROBERT W. REDMOND, Appellant. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered August 7, 1980 in Saratoga County, which denied defendant's motion to dismiss this action, pursuant to CPLR 3216, because of plaintiffs' failure to comply with a demand to file and serve a note of issue within 90 days. On October 19, 1977, plaintiffs commenced this action wherein they seek compensatory and punitive damages because of allegedly slanderous and libelous statements made about them by defendant on October 18, 1976. Defendant's answer was served on November 4, 1977, and that same day defendant made a demand in writing for a bill of particulars. When the requested bill was not served, however, defendant obtained a conditional order of preclusion, and in response thereto the bill was served on May 31, 1978. Finding the bill insufficient, defendant subsequently obtained an order directing plaintiffs to serve a further bill of particulars, and this further bill was served on April 9, 1979. Later, on May 29, 1979, defendant caused the deposition before trial of all plaintiffs to be taken. With these circumstances prevailing and plaintiffs having taken no apparent additional steps to prosecute this action, defendant served plaintiffs' attorney on November 23, 1979 with a demand, pursuant to CPLR 3216, that plaintiffs resume the prosecution of the action by filing and serving a note of issue within 90 days. Although the demand also advised plaintiffs that their failure to comply therewith would result in a motion to dismiss by defendant, plaintiffs nonetheless ignored the demand, and, accordingly, on March 10, 1980, defendant moved to dismiss the action. His motion was denied by Special Term in the order which is the subject of this appeal. Upon our examination of the record in this case, we conclude that the action must be dismissed. A dismissal is required pursuant to CPLR 3216 unless a plaintiff both makes a showing of merit to his action in evidentiary form and also offers a justifiable excuse for his failure to comply with the demand to file and serve a note of issue *(Smith v City of Troy,* 77 AD2d 691, app dsmd 52 NY2d 787; *Finch v Beagell,* 71 AD2d 698). In the present instance, while it might at least arguably be said that plaintiffs have made an adequate showing that they have a meritorious cause of action and also that some of the delay in prosecuting the action has been caused by defendant, they have offered

absolutely no excuse for their failure to serve and file a note of issue as demanded by defendant. Such being the case, Special Term's denial of defendant's motion was error, and the action must be dismissed. Order reversed, on the law and the facts, without costs, and motion by defendant to dismiss complaint granted. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.