■ ANTHONY SALERNO, as Administrator of the Estate of ANTHONY SALERNO, JR., Deceased, Respondent, v PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK AT COLUMBIA PRESBYTERIAN MEDICAL CENTER, Appellant. — In an action to recover damages for wrongful death and conscious pain and suffering based upon alleged medical malpractice, defendant appeals from so much of an order of the Supreme Court, Richmond County (Rubin, J.), dated September 25, 1981, as denied its motion (1) to dismiss the first cause of action as time barred, (2) to dismiss the complaint for general delay, (3) to dismiss the complaint for failure to comply with a notice to prosecute pursuant to CPLR 3216 (subd [b], par [3]), (4) to strike the case from the Trial Calendar, (5) for summary judgment dismissing the second cause of action because there was no proof of damages with respect thereto, and (6) for an order of preclusion. Order reversed insofar as appealed from, on the law, without costs or disbursements, and defendant's motion is granted to the extent that it seeks dismissal of the complaint for general delay and for failure to comply with a statutory notice to prosecute, and is otherwise denied as academic. The infant decedent entered the defendant hospital in New York County on March 11, 1976 for a physical examination to determine his fitness to participate in his school's athletic program. The decedent was certified by defendant to be in good health and fit to engage in athletics. On March 19, 1976, the decedent died while playing in a school yard in Richmond County. It is alleged in the complaint that the cause of death was "an inclusion of the tricuspid valve in the heart". On March 15,

1978, four days before the Statute of Limitations would have run, plaintiff filed a copy of the summons with the Richmond County Clerk's office in an attempt to comply with CPLR 203 (subd [b], par 5). Defendant was served with the summons on March 23, 1978 (more than two years after the date of death). Defendant served plaintiff with a demand for a complaint on March 30, 1978. The complaint was subsequently served, and issue was joined by service of an answer on May 4, 1978 with a demand for a bill of particulars. Nothing occurred in this case for almost three years. On February 20, 1981 defendant served upon plaintiff a 90-day notice pursuant to CPLR 3216 (subd [b], par [3]) requesting that plaintiff resume prosecution of the action by serving and filing a note of issue within 90 days. A note of issue with a certificate of readiness for trial was served on defendant, by mail, on May 10, 1981 (within the 90-day period). It was not filed with the court at that time. On May 22, 1981 defendant served a jury demand on plaintiff. The bill of particulars requested in May of 1978 was finally served. It was dated May 28, 1981. The note of issue was not filed with the court until May 29, 1981, more than a week after the expiration of the 90-day period allowed pursuant to CPLR 3216 (subd [b], par [3]). The plaintiff's failure to comply with the 90-day time limit to file a note of issue after a demand, can only be excused upon a showing of justifiable excuse for the delay and a meritorious cause of action (CPLR 3216, subd [e]). Plaintiff has not made a showing of a justifiable excuse for the delay and has not submitted an affidavit of merits. The complaint must therefore be dismissed pursuant to the statute for lack of prosecution (see *Finch v Beagell,* 71 AD2d 698; *Semprevivo v Wormuth,* 49 AD2d 993; *Sortino v Fisher,* 20 AD2d 25; see, also, *Sussman v Franklin Gen. Hosp.,* 77 AD2d 567; *Sacramone v Tunick,* 54 AD2d 897). The note of issue and certificate of readiness was served before the •ill of particulars was served. This case was obviously not ready for trial since the defendant's demand for a bill of particulars had been outstanding for three years. When the bill of particulars was finally served it was found by Special Term to be "unresponsive". These facts, in addition to plaintiff's unexcused delay of more than three years from the time of serving the complaint to the date of filing the note of issue, show that plaintiff has been guilty of overriding general delay. Accordingly the complaint must be dismissed for failure to prosecute pursuant to statutory notice and for general delay. Damiani, J. P., Lazer, Gibbons and Gulotta, JJ., concur.