■ YVONNE RUMRILL et al., as Parents and Natural Guardians of WILLIAM RUMRILL, an Infant, et al., Respondents, v JOHN EPTING, JR., et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered April 29, 1981 in Albany County, which: (1) denied defendants' motion, pursuant to CPLR 3216, to dismiss the complaint for failure to prosecute, and (2) denied defendants' motion for summary judgment. On January 8, 1978, the infant plaintiff, then 10 years old, and his mother, plaintiff Yvonne Rumrill, entered defendant Fay's Drug Store. The child separated from his mother and proceeded to the toy aisle where he picked up and handled a container of "Slime", a gelatinous substance. After defendant Epting, a security guard, observed the infant plaintiff handling the "Slime" for a short time, he escorted the child to the back room of the store. The infant was detained therein for a brief period until his mother was summoned and she was allegedly forced to sign a document purporting to release defendants from any liability before her son was let go. On May 23, 1978, plaintiffs commenced this

action wherein they sought recovery for: (1) false imprisonment of the infant plaintiff, and (2) alleged emotional trauma, disturbance and embarrassment suffered by the infant's mother as a result thereof. Issue was joined on July 6, 1978, and a bill of particulars was served by plaintiffs on August 22, 1978. Thereafter, on October 8, 1979, defendants served upon plaintiffs a 90-day demand to file a note of issue pursuant to CPLR 3216. This demand was sent by regular mail rather than by registered or certified mail as required by CPLR 3216 (subd [b], par [3]). Subsequently, defendants served by certified mail a second demand to file a note of issue, "in order to cure the irregularity of having the first demand served by ordinary mail". The second demand, dated January 9, 1980 and received on January 11, 1980, was also technically irregular in that it noticed a 45-day period for filing of the note of issue rather than the statutory period of 90 days mandated by the 1978 amendment to CPLR 3216 (see L 1978, ch 4, § 1). On January 16, 1980, plaintiffs' attorney served notices to examine defendants before trial, and defendants then served a cross notice to examine plaintiffs. On March 18, 1980, examinations before trial of defendants and the infant's parents were conducted. Next, plaintiffs brought a motion to compel further discovery and defendants cross-moved for disclosure, seeking an examination before trial of the infant plaintiff. Ultimately the motions were withdrawn and an examination before trial of the infant plaintiff was conducted on May 16, 1980. After an additional seven months had passed, defendants moved, on December 15, 1980, to dismiss plaintiffs' complaint pursuant to CPLR 3216 and for summary judgment. Plaintiffs then filed a note of issue on January 2, 1981. Special Term denied defendants' motion in its entirety and this appeal ensued. We conclude that Special Term's decision must be reversed insofar as it denied defendants' motion to dismiss pursuant to CPLR 3216. In its decision, Special Term viewed the demand dated January 9, 1980, as invalid in that it required plaintiffs to serve and file a note of issue within 45 days, rather than within the statutorily mandated 90-day period.[*] We disagree and find the case of *Smith v City of Troy* (77 AD2d 691, affd 54 NY2d 890) to be controlling. In that case, this court held that an irregularity, such as occurred here, was not prejudicial and should be disregarded (*id.*). In view of this conclusion, plaintiffs must establish a justifiable excuse for the delay and a good and meritorious cause of action (CPLR 3216, subd [e]; *Caton v Redmond,* 82 AD2d 937; *Smith v City of Troy,* 77 AD2d 691, *supra*). The implementation of discovery proceedings through May 16, 1980, adequately justifies the short delay up to that point. However, between May 16, 1980, when the final examination before trial was conducted, and January 2, 1981, when the note of issue was filed, plaintiffs took no apparent additional steps to prosecute this action. Plaintiffs' sole excuse for the delay, that their counsel was attempting to contact a potential witness, fails to provide a justifiable excuse for a delay of this magnitude (see *Sortino v Fisher,* 20 AD2d 25). The motion to dismiss plaintiffs' complaint should have been granted. In light of the above finding, we need not reach defendants' remaining contentions. Order reversed, on the law and the facts, without costs, and

---

[*] Special Term also viewed defendants' initial demand, dated October 8, 1979, as defective because it was sent by regular mail rather than registered or certified mail (CPLR 3216, subd [b], par [3]), and because defendants' attorney conceded such mailing to be defective. Indeed, since defendants' attorney conceded that this notice was defective, and subsequently mailed a second demand, defendants cannot now rely upon the initial demand. However, we note that this court has held that the use of regular mail will be acceptable if the demand is actually received by the plaintiff and no prejudice is traceable to the deviation from the statutory mailing requirement (*Beermont Corp. v Yager,* 34 AD2d 589). Here, plaintiffs received the demand and no actual prejudice resulted from the use of ordinary mail.

motion to dismiss complaint for failure to prosecute granted. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.