■ LUKE F. RILEY, JR., Respondent, v ROBERT MAKOWSKI, Appellant. — Appeal from an order of the Supreme Court at Special Term (Graves, J.), entered June 28, 1982 in St. Lawrence County, which denied defendant's motion to dismiss the complaint for failure to prosecute on the condition that plaintiff's attorney file a note of issue or otherwise move with respect to this case within 20 days of receipt of the notice of entry of the order. This action for breach of contract was commenced on October 27, 1980 and an answer was served on January 13, 1981. A motion by defendant to dismiss the complaint was denied on January 27, 1981. For over one year no further action was taken by plaintiff and on or about February 26, 1982 defendant served a demand to file a note of issue within 90 days pursuant to CPLR 3216 (subd [b], par [3]). When no action was taken by plaintiff, defendant, by a notice of motion dated May 24, 1982, moved to dismiss the complaint for failure to prosecute. Special Term denied the motion on the condition that plaintiff's attorney file a note of issue or otherwise move with respect to this case within 20 days of receipt of the notice of entry of the order. Plaintiff's attorney subsequently filed a note of issue and this appeal ensued. A dismissal is required pursuant to CPLR 3216 unless a plaintiff demonstrates a meritorious cause of action and a justifiable excuse for his failure to comply with the demand to file and serve a note of issue (*Berzinski v Ness*, 86 AD2d 927; *Caton v Redmond*, 82 AD2d 937). The excuse offered by plaintiff in the present action indicating secretarial error is insufficient (*Chodikoff v Troy Estates*, 37 AD2d 670). In addition, plaintiff has made no showing, in evidentiary form, that he has a viable cause of action and, therefore, Special Term's denial of defendant's motion was error and the action must be dismissed (*Berzinski v Ness, supra; Caton v Redmond, supra*). Order reversed, on the law and the facts, without costs, and motion by defendant to dismiss complaint granted. Mahoney, P. J., Sweeney, Casey, Weiss and Levine, JJ., concur.