■ ANDREW F. CAPOCCIA et al., Appellants, v DOMINICK J. BROGNANO, Respondent.—Levine, J. Appeals (1) from an order of the Supreme Court (Prior, Jr., J.), entered October 17, 1986 in Albany County, which, *inter alia,* granted defendant's motion for a protective order, and (2) from an order of said court, entered October 17, 1986 in Albany County which granted defendant's motion to disqualify the individual plaintiff from acting as the corporate plaintiff's counsel.

Plaintiffs appeal from two orders that have been entered in one of the many actions now pending between these parties. Plaintiffs are Andrew F. Capoccia, an attorney readmitted to the practice of law by this court in December 1985 *(Matter of Capoccia,* 115 AD2d 899), and an eponymous professional corporation. Defendant is an attorney who assumed the bulk of plaintiffs' practice of law in early 1985. The particular action from which these appeals arise is a suit seeking a money judgment for disbursements and litigation costs incurred by plaintiffs while acting as attorney-of-record on the matters that were eventually transferred to defendant.

In the first appeal, plaintiffs claim that Supreme Court erred in granting defendant's motion for a protective order under CPLR 3103 (a) and in staying disclosure pending further clarification of the issues. Plaintiffs had served a notice for production and inspection which demanded, *inter alia,* disclosure of all deposits and withdrawals on all bank accounts maintained by defendant in the conduct of his law practice since February 1985. Supreme Court considered plaintiffs' request to be overbroad and duplicatory of disclosure demands made in other pending litigation.

Trial courts are vested with broad discretion to supervise disclosure and issue protective orders *(see, e.g., Nitz v Prudential-Bache Sec.,* 102 AD2d 914, 915; *Oppenheimer v Shubitowski,* 92 AD2d 1021, 1022). In the instant case, Supreme Court could properly consider the other related actions pending before it and the conduct of the parties in deciding whether to grant defendant's motion for a protective order *(see, Sawh v Bridges,* 120 AD2d 74, 77-78, *appeal dismissed* 69 NY2d 852). Moreover, plaintiffs have failed to demonstrate any prejudice flowing from Supreme Court's order. Accordingly, there has been no abuse of discretion and the first order appealed from should be affirmed.

The second appeal involves Supreme Court's order granting defendant's motion to disqualify the individual plaintiff from acting as the corporate plaintiff's counsel. Defendant's motion

papers were rejected by plaintiffs on the ground that the answering affidavits were requested seven days prior to the return date and plaintiffs had not been given the 17 days' notice required for such a request (see, CPLR 2103 [b] [2]; 2214 [b]). Thereafter, plaintiffs submitted nothing in opposition and deliberately defaulted. Supreme Court concluded that it had jurisdiction of the motion since plaintiffs had received 13 days' notice, the minimum required for motions served by mail (see, CPLR 2103 [b] [2]; 2214 [b]), and plaintiffs had appeared on the motion by their letter rejecting the papers (cf., Burstin v Public Serv. Mut. Ins. Co., 98 AD2d 928; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2214:12, at 78-80).

In light of plaintiffs' default and the fact that no motion to open the default has been made to Supreme Court, our review is limited only to matters which were contested by plaintiffs (see, Central Savannah Riv. Area Resource Dev. Agency v White Eagle Intl., 110 AD2d 742). Accordingly, the only issue even arguably before this court is whether Supreme Court properly had jurisdiction of the motion despite defendant's error in giving plaintiffs only 13 days' notice and demanding that answering affidavits be served seven days prior to the return date. Although plaintiffs raised this objection below, it is not argued in their brief on this appeal. In any event, since plaintiffs' notice of the motion was not less than the minimum time period authorized by CPLR 2103 (b) (2) and 2214 (b), Supreme Court correctly ruled that the defect was not jurisdictional (cf., Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2214:12, at 78-80). The appeal from the rest of Supreme Court's order is not properly before us and must be dismissed (see, e.g., Podolsky v Podolsky, 119 AD2d 740; see also, Siegel, NY Prac § 525, at 720).

Order granting defendant's motion for a protective order affirmed, without costs.

Order granting defendant's motion to disqualify plaintiff Andrew F. Capoccia from representing plaintiff Andrew F. Capoccia, P. C., affirmed, with costs, insofar as Supreme Court exercised jurisdiction over the motion; remainder of appeal dismissed, without prejudice to an application to Supreme Court for leave to vacate said order. Mahoney, P. J., Main, Casey, Mikoll and Levine, JJ., concur.