■ Jesse L. Bush, an Infant, by Karen Klecar, His Parent, et al., Appellants, v Charles S. Hayward, Respondent.—Harvey, J. Appeal from an amended order of the Supreme Court (Smyk, J.), entered January 3, 1989 in Broome County, which granted defendant's motion to dismiss the complaint for failure to prosecute.

This personal injury action was commenced by a summons with notice in August 1986 by plaintiff Karen Klecar (hereinafter plaintiff), individually and on behalf of her infant son, plaintiff Jesse L. Bush, to recover for injuries sustained by Bush as a result of being bitten by a dog owned by defendant. Following a demand by defendant for a complaint, plaintiff served a complaint in February 1987. Issue was joined and discovery proceeded with plaintiff promising defendant that she would help locate an alleged witness to the incident so

that defendant could depose her before trial. Thereafter, no further progress occurred in the lawsuit and, in June 1988, defendant served plaintiff with a 90-day notice to resume prosecution pursuant to CPLR 3216. Plaintiff acknowledged receipt of this demand the next day, but a note of issue was not filed at that time.

More than four months after plaintiff's receipt of the 90-day demand, defendant moved to dismiss the action pursuant to CPLR 3216. The notice of motion included a demand pursuant to CPLR 2214 (b) that any responding papers be served at least seven days prior to the return date of November 18, 1988. On November 17, 1988, plaintiff submitted responding papers to defendant and to Supreme Court. However, on the return date of the motion, Supreme Court refused to accept plaintiff's responding papers because they were submitted late without sufficient excuse. Supreme Court granted defendant's motion to dismiss for want of prosecution and plaintiff now appeals from the amended order of that court.

Initially, we reject plaintiff's contention that Supreme Court lacked jurisdiction to consider defendant's motion to dismiss because the original notice of motion served by defendant did not contain a return date as required by CPLR 2214 (a). 22 NYCRR 202.8 (b) provides that, when a case has not been assigned to a Judge, a party may properly serve motion papers without a return date or the name of the assigned Judge. "After assignment to the judge, the court shall provide for appropriate notice to the parties of the name of the assigned judge and of the return date of the motion" (22 NYCRR 202.8 [b]). Here, plaintiff was served with the motion papers by mail on October 19, 1988 and defendant then filed a copy of the moving papers, a request for judicial intervention and an affidavit of service with Supreme Court in compliance with 22 NYCRR 202.8 (b). Plaintiff concedes she received notice from defendant of the return date as early as November 3, 1988. The end result is that when plaintiff first received the motion papers on October 20, 1988, she received 29 days' notice of the motion, which is more than sufficient to meet any of the time limitations set forth in CPLR 2103 (b) (2) and 2214 (b) (see, Capoccia v Brognano, 132 AD2d 833, 834). Since the requisite notice of the motion was given, Supreme Court had jurisdiction to entertain the motion (cf., Burstin v Public Serv. Mut. Ins. Co., 98 AD2d 928).

Next, we find that Supreme Court's refusal to accept plaintiff's responding papers served the day before the motion was scheduled to be heard was warranted. Since defendant served

the notice of motion by mail at least 17 days before the return date, plaintiff was required to comply with defendant's demand for service of answering papers at least seven days prior to the return date *(see,* CPLR 2214 [b]; 2103 [b] [2]). Were we to assume that defendant was not entitled to demand answering papers at least seven days prior to the return date, he was entitled, at the very least, to service of such papers at least two days before the return date *(see,* CPLR 2214 [b]; *Capoccia v Brognano,* 132 AD2d 833, 834, *supra).* Moreover, the papers which plaintiff attempted to submit to the court contained no valid explanation as to why they were late. Plaintiff's proffered explanations are completely belied by the record and will not suffice. Without a valid excuse, plaintiff's late papers could not properly be considered *(see, Henderson v Stilwell,* 116 AD2d 861, 862; *Dominski v Firestone Tire & Rubber Co.,* 92 AD2d 704, 705).

In any event, if plaintiff's responding papers were considered, we would find that plaintiff's action was properly dismissed pursuant to CPLR 3216. Contrary to plaintiff's contentions, her papers failed to establish a "justifiable excuse for the delay" in prosecution despite the conceded presence of "a good and meritorious cause of action" (CPLR 3216 [e]; *see, Juracka v Ferrara,* 137 AD2d 921, 922, *lv denied* 74 NY2d 642). Plaintiff's excuse that her counsel was attempting to contact a potential witness does not provide an excuse for the substantial delay *(see, Rumrill v Epting,* 88 AD2d 1047, 1048), especially since plaintiff failed to either move to vacate the 90-day notice or move for an extension *(see, Aquilino v Adirondack Tr. Lines,* 97 AD2d 929). An alleged time extension given to plaintiff by defendant's attorney is not supported by the record. To accept plaintiff's unsupported allegations is made difficult by the documented lack of diligence in prosecuting this lawsuit practically from its inception. Accordingly, dismissal of the complaint was proper.

Amended order affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.