In an action to recover damages for injury to property, the defendants Anderson-Barrows Metals Corporation and Watts Industries, Inc., appeal from an order of the Supreme Court, Suffolk County (Martin, J.), dated December 20, 2011, which, upon a decision of the same court dated March 15, 2011, granted the plaintiffs motion pursuant to CPLR 3126 to preclude them from offering evidence at trial.
Ordered that the order is reversed, on the law, with costs, and the plaintiffs motion pursuant to CPLR 3126 to preclude the appellants from offering evidence at trial is denied.
Even though the plaintiffs motion pursuant to CPLR 3126 requested that the answering affidavits be served seven days prior to the date upon which the motion was noticed to be heard, it is undisputed that the motion was served by regular mail only 19 days prior to that time. Since the plaintiff did not serve its motion at least 21 days before the return date, it was only entitled to service of the answering papers two days before the return date (see CPLR 2103 [b] [2]; 2214 [b]; Bush v Hayward, *953 156 AD2d 899, 900-901 [1989]; Capoccia v Brognano, 132 AD2d 833, 833-834 [1987]). Contrary to the determination of the Supreme Court, the appellants, who served their opposition papers four days prior to the return date, did not default in opposing the plaintiffs motion. Accordingly, the Supreme Court erred in not considering the appellants’ opposition papers on the ground that they were late, and erred in treating the plaintiffs motion as unopposed.
Furthermore, there was no clear showing that the appellants engaged in willful and contumacious conduct in response to the plaintiffs notice to produce (see Zakhidov v Boulevard Tenants Corp., 96 AD3d 737, 739 [2012]; Moray v City of Yonkers, 76 AD3d 618, 619 [2010]; Moog v City of New York, 30 AD3d 490, 490-491 [2006]; Assael v Metropolitan Tr. Auth., 4 AD3d 443 [2004]). Accordingly, the plaintiffs motion pursuant to CPLR 3126 to preclude the appellants from offering evidence at trial should have been denied. Dillon, J.P., Hall, Roman and Cohen, JJ., concur.