Brent v TVR Group Inc (2025 NY Slip Op 50245(U))

[*1]

Brent v TVR Group Inc

2025 NY Slip Op 50245(U)

Decided on February 26, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 26, 2025
Supreme Court, Kings County

Angela Brent, Plaintiff,

against
TVR Group Inc and PAVEL MELEZHIK, Defendants.

Index No. 500241/2021

Baker, McEvoy & Moskovits, Freeport (Moshe Gelberman of counsel), for defendants.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 4-14.[FN1]

Upon the foregoing papers, having heard oral argument, and due deliberation having been had, the within matter is determined as follows.
This is a motion by defendants TVA Group Inc. and Pavel Melezhik, seeking relief in the form of [*2]an order pursuant to CPLR § 3216 (a), dismissing the action upon the ground that plaintiff failed to prosecute this action. The action involves a motor vehicle accident that occurred on December 14, 2017, at the intersection of Hegeman Avenue and New Jersey Avenue in the County of Kings. Plaintiff Angela Brent commenced the action seeking damages for personal injuries by serving upon defendants a verified complaint on January 5, 2021, and defendants served a verified answer on October 6, 2021. To date, discovery has not proceeded in this matter. Because of this, pursuant to CPLR § 3216 (a), defendants sent a 90-day notice on May 10, 2024, to plaintiff, requesting that she resume prosecution of the action or return a signed stipulation of discontinuance; defendant informed plaintiff that "Failure to respond to this notice may result in a motion to compel or serve as the basis for a motion seeking dismissal" (NYSCEF Doc No. 8, notice). Ninety days elapsed with plaintiff failing to resume prosecution or signing the stipulation.
An action cannot be dismissed pursuant to CPLR § 3216 "unless a written demand is served upon 'the party against whom such relief is sought' in accordance with the statutory requirements, along with a statement that the 'default by the party upon whom such notice is served in complying with such demand within said ninety-day period will serve as a basis for a motion by the party serving said demand for dismissal as against him [or her]for unreasonably neglecting to proceed' " (Cadichon v Facelle, 18 NY3d 230, 235 [2011] [emphasis in original]).
CPLR § 3216 (b), which applies here, has three requirements: (1) issue must have been joined in the action; (2) one year must have elapsed since the joinder of issue or six months must have elapsed since the issuance of the preliminary court conference order where such an order has been issued; and (3) the party seeking such relief shall have served a written demand or registered or certified mail requiring the party against whom such relief is sought to resume prosecution and to serve and file a note of issue within ninety days after receipt of such demand, and further stating that the default by the party upon whom such notice is served in complying with such demand within said ninety-day period will serve as a basis for a motion by the party serving said demand for dismissal as against him or her for unreasonably neglecting to proceed (see CPLR 3216 [b]). The notice must meet all three of these statutory requirements; the failure to comply with any one of them will render the 90-day notice ineffective and provide a basis for denial of any later motion to dismiss (see Element E, LLC v Allyson Enters., Inc., 167 AD3d 981 [2d Dept 2018] [court 90-day notice lacked "will serve as a basis for a motion"]; New Century Mtge. Corp v Davis, 153 AD3d 927 [2d Dept 2017] [issue never joined]).
The first two requirements are uncomplicated insofar as defendants' 90-day notice is concerned. However, the last requirement (content) poses the issue of whether the notice was compliant. First, the notice merely requested, rather than demanded, that plaintiff resume prosecution of the above-referenced action: "Pursuant to CPLR 3216(a), this notice is being provided to request that plaintiff(s) resume prosecution of the above-referenced action or return a signed copy of the enclosed Stipulation of Discontinuance" (NYSCEF Doc No. 8, notice [emphasis added]). Second, the consequences of not complying did not track the language prescribed by CPLR 3216 (b) (3), as the notice stated, "Failure to respond to this notice may result in a motion to compel or serve as the basis for a motion seeking dismissal" (id. [emphasis added]).
The exact phrasing set forth in CPLR 3216 (b) (3) with respect to the content of a 90-day demand is as follows: "the default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him or her for unreasonably neglecting to proceed [emphasis added]"
It is not sufficient for the notice to merely warn that non-compliance may result in a motion seeking dismissal. Instead, the notice must specifically warn that non-compliance "will serve as a basis for a motion" to dismiss the complaint (see Jordan Rosenfeld v Schneider Mitola LLP, 175 AD3d 1576 [2d Dept 2019]). If the notice lacks the specific language about how non-compliance forms the basis of a motion, any motion that follows should be dismissed because of the defective underlying notice (see id; Nationstar Mtge., LLC v Retemiah, 195 AD3d 628 [2d Dept 2021]). This explicit language is required as [*3]the procedural device of dismissing an action for failure to prosecute is a legislative creation, not part of a court's inherent power (see Airmont Homes v Town of Ramapo, 69 NY2d 901, 902 [1987]).
In Balancio v American Optical Corp. (66 NY2d 750 [1985]), it was held that the failure to serve a CPLR 3216 demand by registered or certified mail was a procedural irregularity and, absent a showing of prejudice to a substantial right of the plaintiff, courts should not deny, as jurisdictionally defective, a defendant's motion to dismiss for neglect to prosecute. Likewise, in cases closer in time to the change from 45 days to 90 days as the period for complying with a notice to resume prosecution, it was held that notices mentioning a 45-day deadline instead of a 90-day one were not defective; the irregularity, deemed not prejudicial, was to be disregarded (see Rumrill v Epting, 88 AD2d 1047 [3d Dept 1982]; Smith v City of Troy, 77 AD2d 691 [3d Dept 1980], affd 54 NY2d 890 [1981]).[FN2]

On the other hand, in Monahan v Pressman (237 AD2d 496 [2d Dept 1997]), the notice to resume prosecution was worded as follows: "I ask that you reschedule the Examination [Before Trial or] place the case on the calendar so that the matter can be adjudicated. Your failure to proceed with the prosecution of this case has prejudiced me and I will seek appropriate relief upon your refusal to proceed." (Brief for appellant, available at 1996 WL 34398310, *8; see brief for respondents, available at 1996 WL 34398311, *4.) The Appellate Division held: "The defendant's motion pursuant to CPLR 3216 to dismiss the complaint for want of prosecution was properly denied since the contents of the purported 90-day notice did not comply with the requirements of CPLR 3216 (b) (3)" (237 AD2d at 496).
Synthesized, the foregoing case law yields a conclusion that while the mode of service utilized might deviate from that statutorily prescribed, and an error in setting forth the time period for compliance, when the statute was recently amended, would not be fatal, the contents of a notice to resume prosecution must otherwise conform to the statutorily prescribed language.
"Request," used by defendants, is not a "demand," which CPLR 3216 (b) (3) calls for. "May," the word used by defendants in describing the consequences of not responding, is permissive. "Will," the word mandated in the statute, is predictive — it is a commitment to undertake action. Use of "may" instead of "will" is noncompliant with CPLR 3216 (b) (3) and detracts from conveying the seriousness of the warning in a notice to resume prosecution. Moreover, inclusion of a reference to a motion to compel indicates that defendants might undertake alternative action, as opposed to a motion for dismissal.
In view of defendants' failure to strictly comply with the content requirements governing 90-day notices to resume prosecution, their motion seeking dismissal of Plaintiff's complaint is DENIED.

Footnotes

Footnote 1: Counsel are reminded of the provisions requiring that an opinion or decision be included in the record on appeal should one be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2: "Effective September 1, 1978, however, CPLR 3216 was amended, whereby a party had 90 days, rather than 45 days to comply with a demand (L 1978, ch 4, § 2)" (Smith v City of Troy, 77 AD2d at 691).