■ EDWARD ARGENTI, Respondent, v HOSPITAL FOR SPECIAL SURGERY et al., Appellants. ST. BARNABAS HOSPITAL, Third-Party Plaintiff-Appellant, v ISMAIL AMIN, Third-Party Defendant-Appellant. — Order of Supreme Court, Bronx County (Alfred J. Callahan, J.), entered October 22, 1982, denying defendants' motions to dismiss the complaint for failure to comply with their respective 90-day notices pursuant to CPLR 3216 (subd [b]), granting plaintiff's cross motion to strike the 90-day notices, and directing defendant Dr. Ismail Amin to appear for deposition, affirmed, without costs. In this medical malpractice action, plaintiff alleges that commencing in December, 1975 he came under the care of defendant St. Barnabas Hospital, complaining of stiffness in his back, arms and legs. He further alleges he was treated in March, 1977 by defendant Dr. Julius Hirsch for the same complaints, and by defendant Dr. G. Di Giacinti in June 1979, at which time a tumor in the spine was discovered, resulting in

surgery. Since the surgery, plaintiff has been paralyzed from the waist down. He alleges medical malpractice for the failure to diagnose the tumor and in connection with the resulting surgery. The original summons and complaint were served sometime in November, 1978. In November, 1979 an amended complaint was served, as well as several bills of particulars. Issue with respect to the original complaint had not been fully joined until September, 1979. By order dated November 6, 1980 the complaint was dismissed against defendant Dr. Amin on the ground that he was never properly served. However, he was impleaded as a third-party defendant by St. Barnabas Hospital, one of the other named defendants. Because of the difficulty in scheduling depositions of the various defendants, it was necessary to obtain a court order, entered May 7, 1981, directing scheduling of the depositions. By consequence, in June, 1981 the plaintiff and four of the defendants were examined before trial. However, Dr. Amin never submitted himself to examination despite numerous attempts to secure his co-operation in appearing. Despite Dr. Amin's failure and refusal to appear and the failure of his attorneys to co-operate in obtaining his appearance, a 90-day notice pursuant to CPLR 3216 (subd [b]) was served on Dr. Amin's behalf on March 2, 1982. Although this was two and one-half years after the final joinder of issue, it was only eight months after the last deposition. Patently Dr. Amin was, at least in part, responsible for the delay. On March 9 defendant Hospital for Special Surgery served a 90-day notice. On March 15 defendant St. Barnabas Hospital served a 90-day notice. On April 15 defendant Presbyterian Hospital served a 90-day notice. On April 29 defendant Dr. Hirsch served a 90-day notice. Each defendant, except for defendant Dr. Amin, made a motion to dismiss for failure to comply with the notice, albeit all were aware of the ongoing efforts to obtain Dr. Amin's deposition. The motions of defendants Presbyterian Hospital and Dr. Di Giacinti were made prior to the expiration of the 90 days, as was the motion of Dr. Hirsch. The motions of defendants St. Barnabas Hospital and the Hospital for Special Surgery were made shortly after the expiration of the 90 days. Plaintiff did not file a note of issue nor did he cross-move to strike any of the demands until July 19, 1982. His attorney affirmed that the delay was due to the complex nature of the action and the inability to obtain the deposition of Dr. Amin, which plaintiff claimed was crucial. Plaintiff's counsel, by affirmation, invited attention to the bill of particulars as detailing the merits of the case and the nature of the injuries, and offered to produce plaintiff's expert's report for *in camera* examination by the Judge. Plaintiff's affidavit described his injuries and his current condition and medical history. Although the Special Term Justice fully noted the deficiencies in plaintiff's papers, he denied defendants' motions and granted plaintiff's application, subject to the payment of $250 to each defendant, finding no prejudice to defendants. He allowed the action to be noticed for trial following the deposition of Dr. Amin. The court saw no necessity for examining plaintiff's expert's report *in camera*. There was no abuse of discretion. One of the defendants whose testimony was allegedly crucial had refused to be deposed, and his 90-day notice, as well as the 90-day notices of the other defendants, were served while efforts to obtain his deposition were ongoing. Obviously plaintiff should have sought an additional order to compel Dr. Amin's appearance, and should have moved for an extension of time before expiration of any of the 90-day demands. Although a bill of particulars does not demonstrate in an evidentiary manner that an action has merit but merely lays out what a plaintiff intends to prove, the bill of particulars in this complex medical malpractice action indicates merit to a degree sufficient to satisfy CPLR 3216 (see *Bogoff v Mount Sinai Hosp.*, 85 AD2d 581). Moreover, the delay was relatively brief and three of the motions to

dismiss were premature. On this record there was no abuse of discretion and no inexcusable law office delay, certainly not as a matter of law. Concur — Ross, J. P., Asch and Fein, JJ.

Bloom and Alexander, JJ., dissent in a memorandum by Bloom, J., as follows: Plaintiff instituted this malpractice action back in October or November, 1978. Of the six named defendants one, Dr. Ismail Amin, was never properly served. By order dated November 6, 1980 the complaint was dismissed against him. However, he was impleaded as a third-party defendant by St. Barnabas Hospital, another of the named defendants. Some three and one-half years after issue had been joined by all of the defendants, each served upon plaintiff a notice requiring plaintiff to resume prosecution of the action within 90 days after receipt of such demand and stating further that upon default by plaintiff in complying therewith a motion would be made to dismiss the action (CPLR 3216, subd [b]). Plaintiff did not file a statement of readiness and note of issue (CPLR 3216, subd [c]). After the 90-day period had expired, St. Barnabas Hospital and the Hospital for Special Surgery moved separately to dismiss. The defendants Presbyterian Hospital and Drs. Di Giacinti and Hirsch cross-moved for the same relief. Then, for the first time, plaintiff bestirred himself to cross-move to vacate the 90-day notice. The sole reason ascribed for the delay was that plaintiff had not yet been able to obtain the deposition of Dr. Amin whose testimony was necessary, presumptively, in order properly to present "[t]his * * * complex and intricate malpractice action". Special Term was far from convinced of the validity of the explanation. It noted that "the plaintiff has failed to sufficiently justify his failure to comply with the 90 day notices at issue. Moreover, the plaintiff has failed to sufficiently set forth the existence of a meritorious cause of action". Nevertheless, it denied the motions and cross motions to strike the complaint and granted the cross motion to strike the 90-day notices upon condition that plaintiff's attorney pay the sum of $250 costs to each movant and cross movant. It further directed Dr. Amin to appear for deposition at a specified time and place. It has long been the rule that law office failure will not suffice to evade responsibility for delay in the prosecution of an action (*Sortino v Fisher*, 20 AD2d 25). "Even an action of great merit may be forfeited by prolonged delay. It is the right of a defendant to be free of a case which is not diligently prosecuted" (*Sortino v Fisher, supra,* pp 32-33). More recent holdings instruct us that to excuse an undue delay it is necessary that there be an affidavit showing adequate justification for the delay and a demonstration that the case has legal merit (*Barasch v Micucci*, 49 NY2d 594; *Eaton v Equitable Life Assur. Soc. of U. S.,* 56 NY2d 900; *Gray v B. R. Trucking Co.,* 58 NY2d 972). Here, as Special Term found, there is neither. Nor may it be said that *Donnelly v Pepicelli* (58 NY2d 268) marks a relaxation of the rule. There, an action was commenced by service of a summons with notice indicating that included among the matters in dispute were causes of action for defamation. When plaintiff indicated an intention to depose defendant in order to frame a complaint, defendant served his notice of appearance and demand together with a letter stating an intention to oppose a deposition of defendant to enable plaintiff to set forth its pleading. Seven days after the complaint was due defendant moved to dismiss. The Court of Appeals noted that under CPLR 3016 (subd [a]), plaintiff was required to set forth in the complaint the particular defamatory words. Hence, it could not be said that the seven-day delay constituted law office failure. Accordingly, it remanded the matter so that discretion might be exercised. That is a far cry from the situation presented by the instant case. Here plaintiff made no effort to compel the deposition of Amin, a circumstance clearly recognized by Special Term. Parenthetically, it should be noted in the present

posture of the action that Amin is a third-party defendant and not a defendant. Insofar as plaintiff is concerned he is merely a witness and not an adverse party. Accordingly, his deposition could be obtained only on order of the court (CPLR 3101, subd [a], par [4]). There is no indication that he ever sought an order to take Amin's deposition or that any order to that effect was ever entered prior to the entry of the order appealed from. For these reasons I am of the view that the denial of the motions and cross motions to dismiss was an abuse of discretion as a matter of law. Accordingly, I would reverse and dismiss the complaint.