■ Lori Schoenhals, an Infant, by William Schoenhals, Her Natural Guardian, et al., Appellants, v Kissing Bridge Corporation et al., Defendants, and Charles Dickhut, Respondent. (Appeal No. 2.) — Order unanimously reversed, with costs, and defendant Dickhut's motion denied. Memorandum: On April 29, 1981 defendant Dickhut served upon plaintiffs a 90-day demand to serve and file a note of issue (see CPLR 3216, subd [b]). On May 5, 1981 plaintiffs served interrogatories on Dickhut, whose subsequent motion for a protective order was heard and denied in part on June 15, 1981. Dickhut did not serve his answers to the interrogatories until December 21, 1981. Defendant's motion to dismiss plaintiffs' complaint for failure to serve and file the note of issue was heard on March 10, 1982 and plaintiffs appeal from the order granting that motion. We reverse. Our rules require that in every action in which a separate summons is served, a statement of readiness, or its equivalent, be filed with the note of issue (22 NYCRR 1024.4 [a], [c], [d]). The party filing the statement of readiness must assert therein that particularized pretrial proceedings have been completed, waived or are not required (22 NYCRR 1024.4 [b]). By his delay in answering the interrogatories, defendant Dickhut made it impossible for plaintiffs to file a statement of readiness in proper form. It follows that it was also impossible for plaintiffs to file a note of issue within the 90-day period. It has long been the rule that where, as here, the delay in serving and filing the note of issue is caused or affirmatively contributed to by the defendant, his motion to dismiss should be denied without requiring plaintiff to serve an affidavit of merits (*Brown v Weissberg,* 22 AD2d 282; see, also, *Genovese v Kogel Materials Corp.,* 61 AD2d 820). (Appeal from order of Supreme Court, Erie County, Mintz, J. — dismiss complaint.) Present — Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.