■ JOHN CREEGAN et al., Appellants, v JOHN MAZELLA, Respondent.—In a medical malpractice action, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Ferraro, J.), entered May 20, 1985, which granted the defendant's motion to dismiss the complaint for want of prosecution pursuant to CPLR 3216, and (2) a judgment of the

same court, dated May 30, 1985, which dismissed the action with prejudice.

Ordered that the appeal from the order entered May 20, 1985 is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

After commencing the action at bar in June 1981, the record discloses that the only actions taken by the plaintiffs were those made in response to the defendant's demand for a bill of particulars and certain of the defendant's discovery demands. In January 1984, following a period of two years during which the action was entirely quiescent, the defendant served upon the plaintiffs a 90-day notice pursuant to CPLR 3216. Thereafter, by stipulation dated March 4, 1984, the parties agreed that the "90 day notice previously served upon the plaintiff dated January 4, 1984 is hereby extended to 90 days after the Examinations Before Trial of both the plaintiff and the defendant have been completed". The examinations were completed on July 18, 1984. Although the defendant requested discovery of certain items shortly after the completion of the examinations and requested the examination of the plaintiff Theresa Creegan, which was never scheduled, it is undisputed that the plaintiffs never served a note of issue during the nine-month period which elapsed between the completion of the EBT's and the defendant's April 1985 motion to dismiss. In opposition to the motion to dismiss, the plaintiffs submitted a 2½-page affirmation by an attorney who lacked personal knowledge of the events recounted. No medical documentation establishing the merits of the action was submitted, and the motion to dismiss was granted.

We conclude that the action was properly dismissed. The papers submitted on the original motion to dismiss contained no affidavit from a physician, hospital records or other evidence to establish that there is merit to the plaintiffs' claims of malpractice (see, Stolowitz v Mount Sinai Hosp., 60 NY2d 685; Hatcher v City of New York, 99 AD2d 481; Savino v Guido, 81 AD2d 860). Moreover, the record fails in any sense to support the plaintiffs' contentions that their failure to file a

note of issue was attributable to the defendant's conduct *(cf. Aquilino v Adirondack Tr. Lines,* 97 AD2d 929; *Baxt v Cohen,* 96 AD2d 661). Mangano, J. P., Weinstein, Lawrence and Kooper, JJ., concur.