■ Estate of Anna A. Ward, by Her Surviving Heir and

Assign, GERALDINE NUNEZ, Respondent, v MICHAEL HOFFMAN, Appellant.—In a medical malpractice action to recover damages for wrongful death and conscious pain and suffering, the defendant appeals (1) from an order of the Supreme Court, Queens County (Santucci, J.), dated March 17, 1987, which denied his motion to dismiss the action for failure by the plaintiff to serve the complaint upon condition that the plaintiff pay the defendant $150, and (2) as limited by his brief, from so much of an order of the same court, dated June 9, 1987, as, upon reargument, adhered to the original denial of the motion to dismiss.

Ordered that the appeal from the order dated March 17, 1987, is dismissed, as that order was superseded by the order dated June 9, 1987, made upon reargument; and it is further,

Ordered that the order dated June 9, 1987, is reversed insofar as appealed from, on the law, the order dated March 17, 1987, is vacated, and the defendant's motion to dismiss the complaint is granted; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff commenced this medical malpractice action on or about May 6, 1986, by the service of a summons without a complaint. The defendant's attorney served a notice of appearance and demand for a complaint on June 16, 1986, and, following a warning letter to the plaintiff's attorney, the defendant moved on or about November 3, 1986, to dismiss the action pursuant to CPLR 3012 (b) based upon the plaintiff's attorney's failure to serve a complaint. Subsequent thereto, on November 26, 1986, the complaint was served and was rejected.

In opposition to the motion to dismiss, the plaintiff's attorney submitted his affirmation offering a number of excuses for his default, all of which constitute law office failure. Also submitted was an affidavit of merit from the plaintiff Geraldine Nunez in which she stated that the defendant failed to diagnose her mother's illness as cancer, and she believes and was informed that had the cancer been diagnosed and treated in a timely fashion her mother would have lived a longer time. The Supreme Court denied the defendant's motion to dismiss on condition that the plaintiff pay costs of $150.

CPLR 3012 (b) provides that if the complaint is not served within 20 days after service of a notice of appearance the court, upon motion, may dismiss the action. In *Kel Mgt. Corp. v Rogers & Wells* (64 NY2d 904, 905), the Court of Appeals reiterated the rule that, in a motion such as this, an affidavit

of merit is an indispensable requisite, as follows: "This court has previously held that a party opposing a CPLR 3012 (b) motion to dismiss based upon law office failure is obligated to submit an affidavit of merit containing evidentiary facts sufficient to establish a prima facie case. *(Canter v Mulnick,* 60 NY2d 689.)* Here, plaintiffs served the complaint upon defendant more than three and one-half months past the statutorily required date, and when faced with a CPLR 3012 (b) motion to dismiss, failed to submit an affidavit of merit. Because of this deficiency, it was error, as a matter of law, not to grant the motion to dismiss without condition" *(see also, McNamara v Past Time Pub,* 100 AD2d 618).

In this medical malpractice case, the plaintiff was required to provide an affidavit of merit by a medical expert *(see, Fiore v Galang,* 64 NY2d 999, 1000-1001; *Amsler v Verrilli,* 119 AD2d 786). The plaintiff's alleged cause of action is based on medical matters, namely, the failure to diagnose cancer, a subject not within the ordinary experience and knowledge of laypersons. Therefore, an affidavit of merit executed by her personally was insufficient *(see, Fiore v Galang, supra,* at 1001).

Accordingly, the defendant's motion to dismiss the action should have been granted unconditionally. Thompson, J. P., Lawrence, Spatt and Harwood, JJ., concur.