■ VERA BRICE, Appellant, v WESTCHESTER COMMUNITY HEALTH PLAN, Respondent, et al., Defendant.—In an action to recover damages for personal injuries predicated upon medical malpractice and breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Marbach, J.), dated June 21, 1985, which granted the motion of the defendant Westchester Community Health Plan to dismiss the action as against it for failure to timely serve a complaint pursuant to CPLR 3012 (b).

Ordered that the order is affirmed, with costs.

A party opposing a motion pursuant to CPLR 3012 (b) to dismiss an action based upon law office failure is obligated to

submit an affidavit from a person competent to attest to the meritorious nature of her claim and containing evidentiary facts sufficient to establish a prima facie case *(Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904; *Canter v Mulnick,* 60 NY2d 689).* A review of the plaintiff's affidavit discloses that her medical malpractice claim is based upon matters not within the ordinary experience and knowledge of lay persons. Consequently, expert medical opinion evidence is required to demonstrate merit *(see, Fiore v Galang,* 64 NY2d 999).

In this case, neither the affidavit of the plaintiff, who does not purport to be a medical expert *(see, Stolowitz v Mount Sinai Hosp.,* 60 NY2d 685; *Canter v Mulnick, supra),* nor the verified complaint is an adequate substitute for the required affidavit of merit by a medical expert *(see, Fiore v Galang, supra; Salch v Paratore,* 60 NY2d 851, *rearg denied* 61 NY2d 759; *Courell v Kurzner,* 118 AD2d 677). Furthermore, the proffered unsworn letter from a physician who subsequently treated the plaintiff, which omits to state that in his opinion the respondent had deviated from accepted medical practices, also does not satisfy this requirement *(see, Hammer v Hochberg,* 128 AD2d 834, 836; *Saeed v Boulevard Hosp.,* 109 AD2d 831). Thus, the plaintiff did not establish the merits of her medical malpractice claim.

Since the plaintiff's affidavit sets forth no factual allegations in support of her claim for breach of contract and the verified complaint merely pleads legal conclusions *(see, Bethlehem Steel Corp. v Solow,* 51 NY2d 870, 872; *cf., Nolan v Keiser,* 94 AD2d 913), the plaintiff has also failed to present a prima facie cause of action to recover damages for breach of contract. In the absence of an adequate affidavit of merits, the court did not abuse its discretion in unconditionally granting the defendant Westchester Community Health Plan's motion to dismiss the action as against it *(see, Kel Mgt. Corp. v Rogers & Wells, supra).* Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.