■ DENNIS H. CLEARY et al., Appellants, v KARL A. STARKWEATHER et al., Doing Business as STARKWEATHER CONSTRUCTION COMPANY, et al., Defendants and Third-Party Plaintiffs-Respondents. MINFELT WHOLESALE COMPANY, INC., Third-Party Defendant-Respondent.—Appeals (1) from an order of the Supreme Court (Tait, Jr., J.), entered June 26, 1989 in Madison County, which, *inter alia,* granted third-party defendant's motion to dismiss the complaint for failure to prosecute, and (2) from the judgment entered thereon.

Initially, we find no merit to plaintiffs' contention that third-party defendant had no standing to bring a motion to dismiss plaintiffs' complaint for failure to prosecute pursuant to CPLR 3216. CPLR 3216 (a) is not restrictive and, therefore, entitles any party interested in moving an action forward to make such a motion, including a third-party defendant (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3216:9, at 920). Turning to the merits of the motion, plaintiffs have failed to meet their burden of demonstrating a meritorious cause of action *(see, Alise v Colapietro,* 119 AD2d 921, 922), and a justifiable excuse for their default, both of which are required by CPLR 3216 (e) *(see, Billings v Berkshire Mut. Ins. Co.,* 149 AD2d 895, 896). As such, dismissal of plaintiffs' complaint was properly made *(see, Riley v Makowski,* 92 AD2d 664).

Order and judgment affirmed, with one bill of costs. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.