■ EHRISTINE J. MOSBERG, Respondent, v E. HAKIM ELAHI, Appellant.—In a medical malpractice action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Levine, J.), dated November 23, 1988, which denied his motion to dismiss the complaint pursuant to CPLR 3216 for failure to prosecute.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The instant malpractice action was commenced on or about November 30, 1984. After issue was joined, the plaintiff served a bill of particulars on or about May 30, 1985. On January 29, 1988, the defendant served a 90-day notice pursuant to CPLR 3216 demanding that the plaintiff resume prosecution of the action. The plaintiff failed to either file a note of issue within 90 days or move for an extension of time within which to comply. The defendant accordingly moved for dismissal pursuant to CPLR 3216 (e).

In opposition to the defendant's motion, the plaintiff's attorney submitted an affirmation contending that there had been no intent to abandon the action, and setting forth facts allegedly constituting a meritorious cause of action. In the attorney's affirmation, it is stated that the plaintiff went to the defendant's office on August 2, 1982, suspecting she was pregnant, but the defendant denied her suspicions, and allegedly proceeded to trim the string of an intrauterine device (hereinafter IUD) he had inserted the previous year. Later in the month, "after plaintiff repeatedly pleaded with Defendant to do a pregnancy test and sonogram" the defendant told the plaintiff she was pregnant. According to the attorney, the plaintiff then consulted with a second gynecologist who alleg-

edly advised her that standard medical practice required removal of the IUD to avoid infection; however, her device could not be removed because the string had been trimmed too short, and the device had traveled too far up into the uterus. On October 4, 1982, the plaintiff had a miscarriage which required an emergency dilation and curettage procedure at a hospital. Based on the factual assertions in the attorney's affirmation, it is alleged that the miscarriage was caused by the defendant's failure to timely diagnose her pregnancy and his negligence in trimming the IUD string instead of removing the device.

Notably, the opposition papers did not include an affidavit from the plaintiff or any explanation for why she did not provide one. In addition, there was no affidavit from a physician to support the claim that the defendant had committed malpractice, even though the attorney alleged in her affirmation that she had been "assembling medical data and research regarding this action" during the interim between service of the bill of particulars and the defendant's 90-day notice, a period of more than three years. The Supreme Court denied the defendant's motion. We now reverse.

Since the plaintiff failed to timely serve a note of issue or move pursuant to CPLR 2004 for an extension of time within which to comply, she was obligated to demonstrate a reasonable excuse and a good and meritorious cause of action to avoid the sanction of dismissal (see, CPLR 3216 [e]; *Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552; *Meth v Maimonides Med. Center,* 99 AD2d 799). Although the courts have discretion to excuse delays resulting from law office failure, the defaulting party must still submit an affidavit of merits from a person competent to attest to the meritorious nature of the claim (see, *Pomerantz v Long Is. Paneling Co.,* 150 AD2d 665).

Here, the plaintiff did not provide her own affidavit, or other competent evidence, to establish the course of treatment she received at the defendant's office on August 2, 1982. Her attorney makes factual assertions in this regard that are not reflected anywhere in the bill of particulars, or in the hospital records attached to her affirmation. Moreover, cases alleging malpractice for failure to diagnose a condition or to render appropriate treatment, pertain to the level or standard of care expected of the physician in the community and do not encompass matters within the ordinary knowledge and experience of laypersons (see, *Quigley v Jabbur,* 124 AD2d 398). Thus, the allegations of malpractice in this case involving the

failure to diagnose a pregnancy and the proper course of treatment for a pregnancy with an IUD present in the uterus required the submission of expert medical evidence in order to establish a meritorious cause of action (see, Fiore v Galang, 64 NY2d 999; Estate of Ward v Hoffman, 139 AD2d 691; Quigley v Jabbur, supra; Nutting v Associates in Obstetrics & Gynecology, 130 AD2d 870; Koehler v Schwartz, 67 AD2d 963, affd 49 NY2d 807). The unsubstantiated assertions and speculations hypothesized by the plaintiff's attorney were insufficient to establish merit (see, Alvarez v Prospect Hosp., 68 NY2d 320, 327). Nor were the records from Booth Memorial Hospital attached to the attorney's affirmation a sufficient substitute for a medical expert's affidavit. The attached records do not contain any medical statement that the defendant's acts constituted a deviation from accepted medical standards or were a competent producing cause of the plaintiff's injuries (see, Wulster v Rubinstein, 126 AD2d 545; see also, Canter v Mulnick, 60 NY2d 689; Fileccia v Massapequa Gen. Hosp., 99 AD2d 796, affd 63 NY2d 639). Under the circumstances, the plaintiff's failure to submit her own affidavit and an affidavit of merit by a medical expert competent to attest to the meritorious nature of her claim mandates dismissal of the complaint (see, Fiore v Galang, supra; Salch v Paratore, 60 NY2d 851; Reed v Friedman, 117 AD2d 661; Vernon v Nassau County Med. Center, 102 AD2d 852; Fileccia v Massapequa Gen. Hosp., supra). Bracken, J. P., O'Brien and Ritter, JJ., concur.

Kooper, J., dissents and votes to affirm, with the following memorandum in which Miller, J., concurs. In light of the the demonstrable merit of the plaintiff's cause of action and the conceded absence of any prejudice to the defendant, the Supreme Court properly exercised its discretion in declining to impose the drastic sanction of dismissal as a consequence of the plaintiff's brief delay in responding to the defendant's 90-day notice (see, Conner v Brasserie, Inc., 136 AD2d 481). Contrary to the defendant's contentions, the hospital records and other documents produced by the plaintiff established merit to a degree sufficient to satisfy the requirements of CPLR 3216 (see, Argenti v Hospital for Special Surgery, 95 AD2d 747, 749; Bogoff v Mount Sinai Hosp., 85 AD2d 581; cf., Salch v Paratore, 60 NY2d 851, 852-853). The plaintiff's papers, which are supported by medical facts contained in the hospital records, allege, inter alia, that after the plaintiff indicated a suspected pregnancy, the defendant failed to ascertain that she was pregnant. He then proceeded to negligently

shorten the cord of the plaintiff's intrauterine device, making it impossible to remove the device manually after her pregnancy was established, and creating the likelihood of infection and injury to the fetus. Soon thereafter, the plaintiff prematurely went into labor and began to miscarry, necessitating the performance of an emergency dilation and curettage. As a result, the plaintiff delivered a macerated male fetus consisting of infected and inflamed fetal and placental material.

Although the plaintiff did not produce an affidavit from a medical expert, the danger to the developing fetus created by the continued presence of an IUD during pregnancy is apparent and accordingly, an expert medical opinion is not required (cf., Fiore v Galang, 64 NY2d 999, 1000-1001). We note further, that the default was not willful, contumacious, or with intent to abandon the action. Further, prejudice has neither been claimed nor is discernible from the record, and the delay which resulted was not protracted.