■ SHARON TIERNEY et al., Appellants, v OB-GYN ASSOCIATES OF ITHACA et al., Respondents.—Appeal from an order of the Supreme Court (Monserrate, J.), entered March 18, 1991

in Tompkins County, which granted defendants' motion to dismiss the complaint for failure to prosecute.

Once plaintiffs were served with the 90-day demand pursuant to CPLR 3216, they should have either complied with the notice by filing a note of issue or moved before the default date to extend the 90-day time period (see, Papadopoulas v R.B. Supply Corp., 152 AD2d 552, 553). Instead, just a few days prior to the expiration date, plaintiffs' counsel sent a letter to defendants' counsel indicating that a note of issue would be filed if defendants agreed to a deposition date. No further action was taken until defendants moved to dismiss, almost three years after the expiration of the 90-day period.

To avoid having their action dismissed, plaintiffs were required to demonstrate both a justifiable excuse for the delay and a meritorious cause of action (see, Cleary v Starkweather, 165 AD2d 967; Juracka v Ferrara, 137 AD2d 921, 922, lv dismissed 72 NY2d 840). With respect to the latter issue, plaintiffs failed to submit the required expert medical opinion evidence (see, Mosberg v Elahi, 80 NY2d 941, affg 176 AD2d 710; Perez v Long Is. Jewish-Hillside Med. Ctr., 173 AD2d 530, 531). Even if we accept plaintiffs' contention that their physician's unsworn letter satisfied this requirement (cf., Franck v CNY Anesthesia Group, 175 AD2d 605; Brice v Westchester Community Health Plan, 143 AD2d 170, 171), plaintiffs nevertheless failed to establish a justifiable excuse for the delay. The record reveals that plaintiffs did not actively pursue this case. Although they claim that defendants contributed to the delay by refusing to be deposed, there is nothing in the record to support this assertion and plaintiffs never complained of defendants' actions until the present motion (see, Turman v Amity OBG Assocs., 170 AD2d 668, 669; Monteferrante v New York City Fire Dept., 74 AD2d 538, affd 53 NY2d 653). Under the circumstances, Supreme Court did not abuse its discretion in dismissing the action for failure to prosecute (see, Brice v Westchester Community Health Plan, supra, at 171).

Weiss, P. J., Mikoll, Mercure and Crew III, concur.

Yesawich Jr., J. (dissenting). I respectfully dissent.

While plaintiffs have not actively prosecuted this case, it is equally clear that defendants' conduct affirmatively added to the delay in prosecution. Because defendants' contribution to the delay consisted of more than simply inaction, their motion to dismiss for failure to prosecute should not have been granted (see, Schoenhals v Kissing Bridge Corp., 96 AD2d 711; Brown v Weissberg, 22 AD2d 282, 284).

This is a medical malpractice claim, the thrust of which is that plaintiff Sharon Tierney was allegedly negligently cared for during her pregnancy and further that Adam, her newborn son, suffered grave and permanent injuries because defendants failed to timely carry out a Caesarean section. Issue was joined in mid-1981 and a bill of particulars served in 1982. No further action was apparently taken for several years. It was suggested at oral argument and inferable from the affidavit of plaintiffs' counsel that plaintiffs were waiting to see how Adam developed—his injuries assertedly include "mild developmental and growth retardation * * * sluggish and dull movements * * * general malaise [and] balance difficulties"—before undertaking to assess the extent of his medical condition and disabilities.

In August 1986 defendants served a 90-day demand pursuant to CPLR 3216. Plaintiffs requested and were accorded several extensions for the purpose of completing discovery. Notices to take defendants' depositions were served in November 1986, and in February 1987 plaintiffs' counsel requested of defendants' counsel information relative to the rescheduling of those depositions. Defendants did not provide any dates or times; neither did they move to dismiss pursuant to their 90-day demand. However, by letter dated August 14, 1987, insurance carriers for several of the defendants sought to arrange a pediatric neurological examination of Adam; their initial request in 1985 had not been complied with.

In February 1988, defendants served another CPLR 3216 demand. At this juncture, plaintiffs were diligently preparing their case. Upon receiving this second demand, plaintiffs' counsel, in May 1988, wrote defendants' counsel enclosing yet another notice to depose the defendant doctors, inquiring if the date selected was agreeable and stating that if plaintiffs "were to file a Note of Issue presently, you would move to strike, pending completion of discovery". Defendants did not favor plaintiffs with a response. Thereafter, on three separate occasions between June 1988 and February 1990, plaintiffs' counsel had telephone conferences with defense counsel with respect to when defendants would be available for depositions; three times defendants' counsel assured that a proposed schedule for those examinations would be forthcoming, but none was furnished.

Plaintiffs' counsel attests, not unreasonably in my view given defendants' acquiescence in many of the delays permeating this litigation, that before the instant motion was made he "justifiably believed that until the depositions were conducted

to their completion, counsel for the defendants did not wish that this matter be placed on the trial calendar". By acceding to plaintiffs' requests for time extensions, ignoring plaintiffs' dilatory response to defendants' requests for medical authorization and physical examination, assuring plaintiffs that deposition scheduling information would be forthcoming, and neglecting to file this motion until almost two years after the *second* 90-day demand, defendants lulled plaintiffs into a reasonable belief that no motion would be brought until discovery was complete. This is clearly more than mere inaction, and while it does not justify plaintiffs' delay, it does excuse it.

When defendants cause or affirmatively contribute to delay in the prosecution of an action, plaintiffs need not provide an affidavit of merit to withstand a motion to dismiss *(see, Schoenhals v Kissing Bridge Corp., supra)*. Furthermore, a sworn affidavit of a physician, though preferred, is not the only means by which the worth of a malpractice claim may be proved *(see, Creegan v Mazella,* 125 AD2d 358, 359; *Dick v Samaritan Hosp.,* 115 AD2d 917, 919). Here, plaintiffs have provided evidence of merit in the form of a physician's letter outlining several ways in which the care provided was deficient and deviated from acceptable standards. In view of the seriousness of the injuries involved *(see, Taveras v Mt. Sinai Hosp.,* 41 AD2d 640) and the failure of defendants to demonstrate that prejudice would accrue to them if the matter is allowed to go forward *(see, Carron v De Granpre,* 55 AD2d 712, 713), plaintiffs should not be foreclosed from prosecuting their claim. Ordered that the order is affirmed, with costs.