■ AGNES SABATINO, Appellant, v ALBANY MEDICAL CENTER HOSPITAL et al., Respondents, et al., Defendants.—Appeal from

---

an order of the Supreme Court (Keniry, J.), entered October 16, 1991 in Rensselaer County, which, *inter alia,* granted a motion by certain defendants to dismiss the action for failure to timely serve a complaint.

To withstand the motion to dismiss for failing to serve a complaint in this medical malpractice action, plaintiff was required to tender both a reasonable excuse for the delay and a sworn affidavit of merit *(see, DeSiena v Maimonides Hosp. Ctr.,* 163 AD2d 351). On the question of delay, plaintiff claimed that she had been unable to obtain legal representation. Plaintiff, however, did not attempt to serve her complaint until more than two years after being served with a written demand therefor, and then only in response to the motion to dismiss *(see, Brooks v New York City Hous. Auth.,* 159 AD2d 673) and, further, never requested an extension of time to do so. Even giving plaintiff, as Supreme Court did, the widest possible latitude in view of her status as a *pro se* litigant, we agree with Supreme Court that plaintiff failed to establish a reasonable excuse for her delay.

In any event, even if her excuse is deemed adequate, plaintiff failed to submit a sufficient affidavit of merit. Plaintiff's claim was based upon matters not within the ordinary ken of laypersons and, therefore, expert medical opinion evidence was required to demonstrate merit *(see, Brice v Westchester Community Health Plan,* 143 AD2d 170). Even if it can be said that a sworn affidavit of a physician is not the only way to prove the worth of a medical malpractice action *(see, e.g., Creegan v Mazella,* 125 AD2d 358; *Dick v Samaritan Hosp.,* 115 AD2d 917; *but see, Mosberg v Elahi,* 80 NY2d 941, *affg* 176 AD2d 710; *McMillan v Ryan,* 135 AD2d 1104, *lv denied* 71 NY2d 802), the affidavit by plaintiff in this case was insufficient. The affidavit was executed by plaintiff personally and contained statements by a physician that she had a "causative action" and that he would be willing to testify that her injuries were due to malpractice. Plaintiff also attached notes from what she claimed were medical files. The physician's statements, however, were hearsay and conclusory and the documents were unsworn and unsigned. As such, they were insufficient to demonstrate the merits of plaintiff's claim *(see, Brice v Westchester Community Health Plan, supra; Estate of Ward v Hoffman,* 139 AD2d 691). In addition, although a verified complaint may constitute an adequate substitute for an affidavit of merit, the complaint here failed to set forth sufficient evidentiary facts to do so *(see, Brice v Westchester Community Health Plan, supra).*

Yesawich Jr., J. P., Levine, Crew III, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.