■ CHARLES ADAMS et al., Appellants, v RAM AGRAWAL et al., Respondents.—Crew III, J. Appeals from two orders of the Supreme Court (Keniry, J.), entered October 24, 1991 in Rensselaer County, which, *inter alia,* granted defendants' motions to dismiss the complaint for failure to timely serve the complaint and for lack of jurisdiction.

Plaintiffs concede that defendant Ram Agrawal was not served with a summons and that the action against him should therefore be dismissed for lack of jurisdiction. As to the remaining four defendants (hereinafter collectively referred to as defendants), the record indicates that after being served with the summons, each promptly served a notice of appearance upon plaintiffs and demanded service of the complaint. Plaintiffs, however, neglected to serve the complaint within the 20-day period allowed by CPLR 3012 (b) and, as a result, defendants moved to dismiss for, *inter alia,* plaintiffs' failure to timely serve the complaint. Plaintiffs then cross-moved for leave to serve a late complaint. Supreme Court denied plaintiffs' cross motion and granted defendants' motions to dismiss, finding that although plaintiffs had demonstrated a satisfactory excuse for the delay, they failed to meet their additional

burden of demonstrating that this medical malpractice action has merit. Plaintiffs now appeal, contending that their own affidavits establish that this action has merit.

In order to avoid dismissal for failure to timely serve a complaint, plaintiffs must demonstrate a reasonable excuse for the delay and establish a meritorious cause of action *(see, Barasch v Micucci,* 49 NY2d 594, 599). In order to establish merit in a medical malpractice action such as this, expert medical opinion evidence is required as to matters not within the ordinary experience and knowledge of laypeople *(see, Fiore v Galang,* 64 NY2d 999; *Tierney v OB-GYN Assocs.,* 186 AD2d 926). To the extent that such evidence is supplied in the form of a physician's affidavit of merit, the affidavit must be made by one with personal knowledge of the facts *(see, Barasch v Micucci, supra,* at 599) and allege that the defendant's actions not only departed from accepted medical standards, but that such departure was a proximate cause of the injuries alleged in the complaint *(see, Dorgan v Dunda,* 165 AD2d 949).

Here, plaintiff Charles Adams submitted an affidavit in which he averred that he was told by defendant Theodore L. Biddle that "they had injected too much dye in [him] and that it damaged [his] kidneys". Plaintiff Mary Adams averred that she had a similar conversation with Biddle. Although we agree that this hearsay statement is insufficient to defeat the motion to dismiss brought by defendants Joseph B. McIlduff, Julio A. Sosa and Albany Medical Center Hospital *(compare, Siegel v Wank,* 183 AD2d 158, 161), the statement is plainly admissible against Biddle as a party admission *(see generally, Iannielli v Consolidated Edison Co.,* 75 AD2d 223, 228; *Matter of Shephard v Ambach,* 68 AD2d 984, 985; Richardson, Evidence §§ 209, 210 [Prince 10th ed]). This alleged admission is also sufficient to establish that plaintiffs' medical malpractice action has merit *(cf., Vendette v Feinberg,* 125 AD2d 960 [the plaintiffs' allegation that the defendant admitted misreading X ray constitutes proof in admissible form necessary to defeat motion for summary judgment]). Biddle's alleged admission does more than merely describe the nature of Charles Adams' injury and/or the events leading up to it *(cf., Franck v CNY Anesthesia Group,* 175 AD2d 605) and makes specific reference to the procedure performed and the alleged improprieties therein *(cf., Nepomniaschi v Goldstein,* 182 AD2d 743). In sum, Biddle's alleged admission establishes a prima facie case of medical malpractice against him. Accordingly, Biddle's motion to dismiss the complaint against him should have been denied

and plaintiffs' cross motion for leave to serve a late complaint upon Biddle should have been granted.

Mikoll, J. P., Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that the order with respect to defendants Ram Agrawal and Joseph B. McIlduff is affirmed, without costs. Ordered that the order with respect to the remaining defendants is modified, without costs, by reversing so much thereof as granted defendant Theodore L. Biddle's motion to dismiss the complaint against him and denied plaintiffs' cross motion for leave to serve a late complaint upon him; said defendant's motion denied, plaintiffs' cross motion granted to that extent and plaintiffs are directed to serve a complaint upon said defendant within 20 days of the date of this Court's decision; and, as so modified, affirmed.