■ LINDA REDDING, Individually and as Administratrix of the Estate of TERESA F. HAZEL, Deceased, Respondent, v DAVID G. SAUNDERS, Appellant. [625 NYS2d 1015] —Order unanimously reversed on the law without costs, cross motion denied, motion granted and complaint dismissed. Memorandum: Defendant moved to dismiss the complaint alleging medical malpractice because of plaintiff's untimely service of the complaint in response to his demand. Plaintiff, acting *pro se,* cross-moved to compel defendant to accept late service of the complaint, asserting in an affidavit that she was not aware of the time constraints on service of the complaint. Plaintiff also submitted unsworn medical records.

The complaint should have been dismissed for failure to provide a reasonable excuse for the delay or a sufficient affidavit of merit *(see, Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904, 905; *Stolowitz v Mount Sinai Hosp.,* 60 NY2d 685, 686; *Sabatino v Albany Med. Ctr. Hosp.,* 187 AD2d 777, 778; *Cummings v St. Joseph's Hosp. Health Ctr.,* 130 AD2d 957). Plaintiff's *pro se* status does not constitute a reasonable excuse for untimely service of the complaint *(see, Brooks v Inn at Saratoga Assn.,* 188 AD2d 921; *Yule v Comerford,* 140 AD2d 981), and plaintiff in her affidavit failed to establish merit to the action. In a medical malpractice action, "expert medical opinion evidence is required as to matters not within the ordinary experience and knowledge of laypeople" *(Adams v Agrawal,* 187 AD2d 886, 887; *see also, Fiore v Galang,* 64 NY2d 999, 1001). Whether defendant was negligent in failing to diagnose plaintiff's pregnancy and whether defendant's prescribing birth control pills for plaintiff caused the death of plaintiff's infant two hours after birth are not matters within the ordinary experience of lay people. (Appeal from Order of Supreme Court, Onondaga County, Reagan, J.—Dismiss Complaint.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.