■ JENNIFER CULLEY, Respondent-Appellant, v MARK B. MORRISON, Appellant-Respondent. [667 NYS2d 940] —In an action, *inter alia,* to recover damages for medical malpractice and assault, (1) the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated March 7, 1997, as denied his motion pursuant to CPLR 3012 (b) to dismiss the complaint, and (2) the plaintiff cross-appeals, as limited by her brief, from so much of the same order as denied her cross motion for a judgment of default upon the defendant's failure to appear or answer the complaint.

Ordered that the order is modified by deleting the provision thereof denying the defendant's motion to dismiss the complaint, and substituting therefor a provision granting the defendant's motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs payable to the defendant.

Contrary to the plaintiff's contention, the defendant's appearance in this action by service of a notice of appearance on October 21, 1996, was equivalent to personal service of the summons upon him (*see,* CPLR 320 [b]; 3211 [e]). Thus, the plaintiff was required to serve the complaint within 20 days after the defendant served a written demand for the complaint on October 21, 1996 (*see,* CPLR 3012 [b]).

In opposing the defendant's motion to dismiss the complaint for failure to serve a timely complaint pursuant to CPLR 3012 (b), the plaintiff was required to demonstrate a meritorious cause of action and a reasonable excuse for the delay (*see, Chiaffarano v Winston,* 234 AD2d 329). The plaintiff failed to submit an affidavit of merit by an expert (*see, Perez v Long Is. Jewish-Hillside Med. Ctr.,* 173 AD2d 530; *Brice v Westchester Community Health Plan,* 143 AD2d 170) or to proffer any excuse for the delay. Therefore, the defendant's motion to dismiss the complaint should have been granted. Mangano, P. J., Copertino, Joy, Florio and Luciano, JJ., concur.