■ MYRTLE AULT, Appellant, v JONATHAN A. RICHMAN et al., Respondents. [748 NYS2d 903] —Carpinello, J. Appeals (1)

from an order of the Supreme Court (Sise, J.), entered August 1, 2001 in Montgomery County, which granted defendants' motion to dismiss for failure to serve a complaint, and (2) from an order of said court, entered October 3, 2001 in Montgomery County, which denied plaintiff's motion to reargue.

After plaintiff served a summons with notice in this medical malpractice action, defendants appeared in September 2000 and demanded a complaint. Defendants thereafter granted two extensions for service of the complaint, the second of which expired in February 2001. When defendants moved in April 2001 to dismiss the action based on plaintiff's failure to serve the complaint, plaintiff's counsel alleged that a third extension had been granted orally by defendants' counsel. Supreme Court granted the motion to dismiss and plaintiff thereafter moved to reargue, claiming that the court had misapprehended the significance of the allegation that a third extension of indefinite duration had been granted. In opposition to the reargument motion, defendants' counsel alleged that he had no independent recollection or office records of a third extension and that any extension which he had previously granted had a specific time limit. Supreme Court denied the motion to reargue and plaintiff appeals from both orders.

Initially, we do not agree with plaintiff's claim that there was no default. Defendants do not concede that a third extension was granted and the alleged oral extension on which plaintiff relies would not have been binding in any event (*see* CPLR 2104; *Klein v Mount Sinai Hosp.*, 61 NY2d 865, 866). Accordingly, in the absence of a binding agreement to further extend the time to serve the complaint beyond the expiration of the second extension in February 2001, plaintiff was in default when defendants thereafter moved to dismiss the action for failure to serve the complaint. In order to avoid dismissal, therefore, plaintiff was required to demonstrate both a reasonable excuse for the delay and a meritorious cause of action (*see Adams v Agrawal*, 187 AD2d 886, 887).

Assuming that, despite the failure to reduce the alleged third extension to writing, plaintiff's belief that defendants had agreed to an indefinite extension constituted a reasonable excuse for the delay in serving the complaint (*but see Greater Amsterdam School Dist. v International Fid. Ins. Co.*, 285 AD2d 944), we agree with Supreme Court that plaintiff failed to demonstrate a meritorious cause of action. To demonstrate a meritorious malpractice claim, expert medical opinion evidence is generally required (*see Adams v Agrawal, supra* at 887). The certificate of merit submitted by plaintiff's counsel was suf-

ficient to demonstrate that he had satisfied himself of the existence of a reasonable basis for commencement of the action, but it was insufficient to demonstrate the meritoriousness of the medical malpractice claim (*see Horn v Boyle,* 260 AD2d 76, 77, *lv denied* 94 NY2d 762). There is, therefore, no basis to disturb Supreme Court's order granting defendants' motion to dismiss. With regard to the order denying plaintiff's motion to reargue, it is not appealable (*see Patterson v Palmieri,* 284 AD2d 852) and we do not agree that the motion was actually one to renew (*see Matter of Town of Poestenkill v New York State Dept. of Envtl. Conservation,* 229 AD2d 650).

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the order entered August 1, 2001 is affirmed, with costs. Ordered that the appeal from the order entered October 3, 2001 is dismissed.