■ JOSEPH D. MARCELLO, JR., Respondent, v FREDERICK J. FLECHER et al., Defendants, and ST. PETER'S HOSPITAL, a

Member of St. Peter's Health Services, Appellant. [55 NYS3d 488]—

Egan Jr., J. Appeal from an order of the Supreme Court (Kramer, J.), entered February 2, 2016 in Schenectady County, which, among other things, denied a motion by defendant St. Peter's Hospital to dismiss the action against it.

On June 16, 2015, plaintiff commenced this medical malpractice action against, among others, defendant St. Peter's Hospital (hereinafter defendant) by service of a summons with notice. Approximately two weeks later, defendant appeared and demanded a complaint. Plaintiff thereafter failed to tender the requested complaint in a timely manner and, in August 2015, defendant moved to dismiss the action upon that ground. Plaintiff opposed the requested relief and, in October 2015, cross-moved to compel defendant to accept service of the verified complaint and to deny defendant's motion to dismiss.* Supreme Court denied defendant's motion and granted plaintiff's cross motion, prompting this appeal.

We reverse. It has long been the rule that, "[t]o avoid dismissal of an action for failure to serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a potentially meritorious cause of action" (*Khamis v Corporate Transp. Group, Ltd.*, 135 AD3d 825, 826 [2016] [internal quotation marks, brackets and citations omitted]; *see* CPLR 3012 [d]; *Amodeo v Gellert & Quartararo, P.C.*, 26 AD3d 705, 706 [2006]; *Ault v Richman*, 299 AD2d 613, 614 [2002]; *Adams v Agrawal*, 187 AD2d 886, 887 [1992]). Here, plaintiff's proffered excuse for the delay in serving the complaint was that he was awaiting review of his medical records by certain unnamed physicians as required by CPLR 3012-a. The flaw in plaintiff's analysis on this point is that the cited statutory provision pertains to the requirement that a certificate of merit accompany any complaint sounding in medical, dental or podiatric malpractice. Inasmuch as plaintiff filed the required certificate of merit with his summons with notice in June 2015, we are hard pressed to ascertain how the need for such certificate impacted

* In the interim, defendant rejected plaintiff's attempted service of the verified complaint, and the parties agree that the intervening delay amounted to 41 days.

his ability to serve the complaint in a timely manner. To the extent that counsel for plaintiff further argues that the delay was occasioned due to counsel's decision to consult with another attorney, who, in turn, suggested that further medical review of plaintiff's claim was warranted prior to service of the complaint, we again find the proffered excuse to be insufficient.

In any event, even assuming that plaintiff provided a reasonable excuse for the 41-day delay at issue here, there is no question that he failed to demonstrate the existence of a potentially meritorious cause of action. "To demonstrate a meritorious malpractice claim, expert medical opinion evidence is generally required" (*Ault v Richman*, 299 AD2d at 614 [citation omitted]). Here, plaintiff's malpractice claim is premised upon allegations that, during the course of his hospital stay, defendant administered "several times the maximum daily dosage" of a particular medication to him and, further, failed "to properly care for and treat the hematoma" that allegedly resulted therefrom. Inasmuch as matters relating to prescribing or administering medications (*see Duffen v State of New York*, 245 AD2d 653, 653 [1997], *lv denied* 91 NY2d 810 [1998]; *Redding v Saunders*, 213 AD2d 1015, 1015 [1995], *lv denied* 85 NY2d 811 [1995]) and the alleged failure to diagnose or treat a specific condition implicate "the level or standard of care expected of a physician in the community . . . and do not encompass matters within the ordinary knowledge and experience of laypersons" (*Monzon v Chiaramonte*, 140 AD3d 1126, 1128 [2016]), an affidavit of merit was required (*see Sabatino v Albany Med. Ctr. Hosp.*, 187 AD2d 777, 778 [1992]; *Mosberg v Elahi*, 176 AD2d 710, 711 [1991], *affd* 80 NY2d 941 [1992]; *Estate of Ward v Hoffman*, 139 AD2d 691, 693 [1988]; *see also Calcagno v Orthopedic Assoc. of Dutchess County, PC*, 148 AD3d 1279, 1280-1281 [2017]). No such affidavit was provided here and, although the previously filed certificate of merit was sufficient to discharge counsel's obligation under CPLR 3012-a, "it was insufficient to demonstrate the meritoriousness of the medical malpractice claim" (*Ault v Richman*, 299 AD2d at 615; *cf. Calcagno v Orthopedic Assoc. of Dutchess County, PC*, 148 AD3d at 1280).

Although there indeed are limited instances in which either the plaintiff's own affidavit (*compare Redding v Saunders*, 213 AD2d at 1015; *Sabatino v Albany Med. Ctr. Hosp.*, 187 AD2d at 778), the verified complaint (*see McIntosh v Genesee Val. Laser Ctr.*, 121 AD3d 1560, 1561 [2014], *lv denied* 25 NY3d 911 [2015]; *Berges v Pfizer, Inc.*, 108 AD3d 1118, 1119 [2013]), the pertinent hospital/medical records (*see Creegan v Mazella*, 125 AD2d 358,

359 [1986]) or an admission by the defendant (*see Adams v Agrawal*, 187 AD2d at 887) may be tendered in lieu of an affidavit of merit, the affidavit tendered by plaintiff here was insufficient to establish the meritorious nature of his claim and no other documentary evidence was provided. Simply put, "the averments of a lay plaintiff cannot serve as the essential showing of the merit where, as here, the averments include matters not within the ordinary experience and knowledge of laypersons" (*Berges v Pfizer, Inc.*, 108 AD3d at 1119 [internal quotation marks, ellipsis and citation omitted]). Finally, contrary to plaintiff's assertion, the delay at issue here—41 days—"was not relatively brief but, rather, was sufficiently long to require an affidavit of merit establishing a prima facie case or showing of a meritorious cause of action" (*Amodeo v Gellert & Quartararo, P.C.*, 26 AD3d at 706). Accordingly, absent the required evidentiary showing, defendant is entitled to dismissal of the action (*see Khamis v Corporate Transp. Group, Ltd.*, 135 AD3d at 826).

Peters, P.J., McCarthy, Mulvey and Aarons, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, cross motion denied and action dismissed against defendant St. Peter's Hospital.