Matter of Scott v County of Albany (2019 NY Slip Op 02403)





Matter of Scott v County of Albany


2019 NY Slip Op 02403


Decided on March 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 28, 2019

527011

[*1]JOHN C. SCOTT, Individually and as Executor of the Estate of BERNICE SCOTT, Deceased, Appellant,
v
COUNTY OF ALBANY, Respondent.

Calendar Date: January 15, 2019

Before: Egan Jr., J.P., Devine, Rumsey and Pritzker, JJ.;

 Garry, P.J., vouched in.

The Rehfuss Law Firm PC, Latham (Stephen J. Rehfuss of counsel), for appellant.
Burke, Scolamiero & Hurd, LLP, Albany (Jessica L. Darrow of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Supreme Court (McDonough, J.), entered October 6, 2017 in Albany County, which, among other things, granted defendant's cross motion to dismiss the action.
Bernice Scott (hereinafter decedent) was 89 years old and suffering with Alzheimer's disease when she became a resident of a nursing home operated by defendant in March 2014. She contracted pneumonia and, following a brief hospitalization, died on November 13, 2014. Plaintiff, decedent's son and the executor of her estate, commenced this action in February 2016 by filing a summons with notice asserting claims for negligence, malpractice and wrongful death. Defendant was served with the summons with notice in June 2016 and promptly appeared and demanded a complaint. Plaintiff served a complaint in February 2017, which defendant rejected as untimely. Plaintiff moved, pursuant to CPLR 3012 (d), for an extension of time to serve the complaint and defendant cross-moved to dismiss the action pursuant to CPLR 3012 (b). Supreme Court denied plaintiff's motion and granted defendant's cross motion. Plaintiff appeals.
Supreme Court has the discretion to extend a party's time to serve a complaint "upon a showing of reasonable excuse for the delay or default" (CPLR 3012 [d]; see Gerster's Triple E. Towing and Repair, Inc. v Pishon Trucking, LLC, 167 AD3d 1353, 1355 [2018]). A party seeking to avoid dismissal of an action for failure to serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012 (b) must likewise demonstrate a reasonable excuse for the delay in serving the complaint (see Marcello v Flecher, 150 AD3d 1457, 1458 [2017]). Whether a party has established a reasonable excuse for the delay in serving the complaint is committed to the discretion of Supreme Court (see Gerster's Triple E. Towing and [*2]Repair, Inc. v Pishon Trucking, LLC, 167 AD3d at 1355; Amodeo v Gellert & Quartararo, P.C., 26 AD3d 705, 706 [2006]).
After defendant demanded service of the complaint, plaintiff changed counsel. Plaintiff's present counsel, who was retained in August 2016, averred that the delay of over six months in serving the complaint was caused by the change of counsel and his need to obtain expert medical review to ascertain whether plaintiff possessed a viable claim against defendant. Inasmuch as we have previously rejected that excuse for a 41-day delay in serving the complaint (see Marcello v Flecher, 150 AD3d at 1459), we discern no abuse of discretion in Supreme Court's determination that the excuse proffered by plaintiff failed to demonstrate a reasonable excuse for the delay of over six months in serving the complaint.
Garry, P.J., Devine and Pritzker, JJ., concur; Egan Jr., J.P., not taking part.
ORDERED that the order is affirmed, without costs.