McKenzie v Jack D. Weiler Hosp. (2019 NY Slip Op 03017)





McKenzie v Jack D. Weiler Hosp.


2019 NY Slip Op 03017


Decided on April 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2019

Renwick, J.P., Richter, Gesmer, Kern, Singh, JJ.


9151 22401/16E

[*1]Patrice McKenzie, et al., Plaintiffs-Respondents,
v
Jack D. Weiler Hospital, et al., Defendants-Appellants, Montefiore Health System, Inc., et al., Defendants.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for appellants.
Morelli & Lassalle, LLP, New City (Doralba Lassalle of counsel), for respondents.



Order, Supreme Court, Bronx County (Lewis J. Lubell, J.), entered October 11, 2018, which denied defendants-appellants' motion pursuant to CPLR 3012(b) to dismiss the action for failure to timely serve a complaint, unanimously affirmed, without costs.
The motion court exercised its discretion in a provident manner in denying the motion to dismiss (see Hernandez v Chaparro, 95 AD3d 745 [1st Dept 2012]). In opposition to appellants' motion, plaintiffs were required to "demonstrate a reasonable excuse for the delay and a meritorious claim" (Stevens v Stevens, 165 AD2d 780, 781 [1st Dept 1990]). Here, plaintiffs offered a reasonable excuse based on their need to receive and review the medical records forming the basis for the medical malpractice and lack of informed consent claims (see Rose v Our Lady of Mercy Med. Ctr., 268 AD2d 225, 226 [1st Dept 2000]; Aquilar v Nassau Health Care Corp., 40 AD3d 788, 789 [2d Dept 2007]).
As to the merits, plaintiffs offered the medical records of plaintiff Patrice McKenzie, which contain admissions sufficient to establish the potential merits of plaintiffs' action based on the conduct of non-moving defendant Dr. Gary Goldberg for, inter alia, lack of informed consent (see Adams v Agrawal, 187 AD2d 886, 887 [3d Dept 1992]; cf. Marcello v Flecher, 150 AD3d 1457, 1459-1460 [3d Dept 2017] ["there indeed are limited instances in which. . .the pertinent hospital/medical records. . .may be tendered in lieu of an affidavit of merit"]). The records suggest that McKenzie consented to the removal of her fallopian tubes in the event that malignancy was discovered during the exploratory laparoscopy which she was scheduled to undergo; no malignancy was discovered during the procedure; but, defendants nonetheless removed her fallopian tubes bilaterally and, in doing so, caused defects of the small bowel and sigmoid colon.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2019
CLERK