Percival v Northwell Health Sys. (2019 NY Slip Op 04740)





Percival v Northwell Health Sys.


2019 NY Slip Op 04740


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-03568
 (Index No. 10839/16)

[*1]Valerie Percival, respondent, 
v
Northwell Health System, et al., appellants, et al., defendants.


Benvenuto & Slattery (Rubin Sheeley Paterniti Gonzalez Kaufman LLP, New York, NY [James W. Tuffin], of counsel), for appellants.
Bergstein & Ullrich, LLP, New Paltz, NY (Stephen Bergstein of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendants Northwell Health System, North Shore LIJ Glen Cove Hospital, North Shore University Hospital, and Dehdashti Amir appeal from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated January 16, 2018. The order, insofar as appealed from, denied those defendants' motion pursuant to CPLR 3012(b) to dismiss the action insofar as asserted against them for failure to timely serve a complaint, and, sua sponte, pursuant to CPLR 3012(d), extended the plaintiff's time to serve a complaint upon those defendants and compelled those defendants to accept the complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, pursuant to CPLR 3012(d), extended the plaintiff's time to serve the complaint upon the defendants Northwell Health System, North Shore LIJ Glen Cove Hospital, North Shore University Hospital, and Dehdashti Amir, and compelled those defendants to accept the complaint, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, and the motion of the defendants Northwell Health System, North Shore LIJ Glen Cove Hospital, North Shore University Hospital, and Dehdashti Amir pursuant to CPLR 3012(b) to dismiss the action insofar as asserted against them for failure to timely serve a complaint is granted; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
On December 23, 2016, the plaintiff, appearing pro se, commenced this action by filing an amended summons with notice. On April 18, 2017, the defendants Northwell Health System, North Shore LIJ Glen Cove Hospital, North Shore University Hospital, and Dehdashti Amir (hereinafter collectively the moving defendants) served a demand for a complaint. By notice of motion dated May 25, 2017, the moving defendants moved pursuant to CPLR 3012(b) to dismiss the action insofar as asserted against them for failure to timely serve a complaint. The plaintiff opposed the motion and served a complaint on June 26, 2017. Insofar as asserted against the moving defendants, the complaint sounded in medical malpractice. The Supreme Court denied the moving [*2]defendants' motion and, sua sponte, pursuant to CPLR 3012(d), extended the plaintiff's time to serve the complaint and compelled the defendants to accept the complaint. The moving defendants appeal.
"To avoid dismissal for failing to timely serve a complaint after a demand has been made pursuant to CPLR 3012(b), and to be entitled to an extension of time to serve the complaint under CPLR 3012(d), a plaintiff has to demonstrate both a reasonable excuse for the delay and a potentially meritorious cause of action" (Ganchrow v Kremer, 157 AD3d 771, 772; see Harris v City of New York, 121 AD3d 852, 854-855; Mitrani Plasterers Co., Inc. v SCG Contr. Corp., 97 AD3d 552).
Here, even assuming that the plaintiff had a reasonable excuse for the delay in serving a complaint, she failed to demonstrate that she has a potentially meritorious cause of action against the moving defendants. "Since the plaintiff's medical malpractice claim is predicated upon matters not within the ordinary experience and knowledge of laymen, expert medical opinion evidence is required to demonstrate merit" (Courell v Kurzner, 118 AD2d 677, 678). Since the plaintiff failed to submit an affidavit by a medical expert, she failed to demonstrate a potentially meritorious cause of action sounding in medical malpractice (see Telian v Freund, 129 AD3d 828; Culley v Morrison, 247 AD2d 356; Redding v Saunders, 213 AD2d 1015; Sabatino v Albany Med. Ctr. Hosp., 187 AD2d 777, 778; Brice v Westchester Community Health Plan, 143 AD2d 170, 171).
Accordingly, the Supreme Court should have granted the moving defendants' motion pursuant to CPLR 3012(b) to dismiss the action insofar as asserted against them, and should not have extended the plaintiff's time to serve the complaint upon the moving defendants or compelled the moving defendants to accept the complaint.
SCHEINKMAN, P.J., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court